473 A.2d 139

**Bruce STERN**

v.

**VIC SNYDER, INC., Appellant.**

Superior Court of Pennsylvania.

Argued March 16, 1983.

Filed Feb. 17, 1984.

Reargument Denied April 30, 1984.

424

James D. Crawford, Philadelphia, for appellant.

Edwin P. Smith, Philadelphia, for appellee.

Before CERCONE, President Judge, and ROWLEY and CIRILLO, JJ.

CERCONE, President Judge:

This is an appeal from an order entering judgment in favor of appellee in an action in assumpsit alleging a breach of a contract for employment.

The parties became acquainted during the summer of 1976 when appellee-Bruce Stern (Stern) worked for Vic Snyder, Inc. (Corporation) as a plumber's helper. Vic Snyder (Snyder) and Salvatore Contino (Contino), as principals of the Corporation, discussed with Stern the possibility of Stern becoming the Corporation's general office manager. It was understood that Stern had no prior experience in such a position. Stern tried a two week trial period in the position and then agreed to accept a permanent position. Stern insisted on a written agreement.

A written agreement was executed on August 31, 1976, it provided for a term of employment of two years, with an option, *exercisable by Stern,* for a third year. The agreement provided for termination of Stern's employment should the Corporation, through Contino, become dissatisfied with Stern's performance. Sixty (60) days written notice was to be given in case of a breach by either party. On February 22, 1977, the Corporation discharged Stern. The Corporation claimed the discharge was because of dissatisfaction with Stern, to whom it attributed its decreased profit margin. Such was claimed to be attributable to Stern's approval of contracts that did not accurately reflect the increase in labor and material costs and his improper assignment of mechanics.

Stern claims that Snyder and Contino never expressed any dissatisfaction with his work. Instead, he claimed the reason he was given for his firing was that Snyder had

decided to resume active participation in the running of the business. Stern brought suit, on the contract, for the alleged improper termination. The jury's verdict in favor of Stern awarded him $65,000.00, plus six percent interest and twenty-five percent attorney's fees. The Corporation's post-verdict motions were denied and judgment was entered. Hence this appeal.

The Corporation raises seven assignments of error. We will address the issues seriatim.

I. Did the trial court err in instructing the jury regarding the "satisfaction" clause contained in the contract?

Paragraph four of the contract read:

4. Stern shall at all times discharge his duties in consultation with and under the supervision of the Board of Directors of the CORPORATION through Salvatore Contino and Stern shall be solely responsible for the quality of his services to the said Board of Directors and the said Salvatore Contino. *The employment of STERN shall continue only so long as the services rendered by him are satisfactory to the Board of Directors and Salvatore Contino,* regardless of any other provisions contained, in this Agreement. *The Board of Directors and Salvatore Contino shall be the sole judges as to whether the services of STERN are satisfactory.*

(Emphasis supplied.) In its charge to the jury the court stated: .

Now, you determine from the evidence whether in fact they were dissatisfied. You've heard the testimony of the parties, you've heard the depositions read, you've listened very carefully. You determine from the evidence whether in fact they were dissatisfied.

And if you find that they were dissatisfied, consider under the terms of this contract whether their dissatisfaction gave them the right to terminate him, because in considering the evidence, as well as the plaintiff's claim, your verdict must be guided by the terms of the August

31, 1976 agreement, as the parties once they entered into this contract defined their rights and obligations.

The Corporation argues that the second paragraph of the above charge added a requirement that the dissatisfaction be reasonable. It contends that so long as the dissatisfaction was genuine and in good faith, it could terminate appellee. *See, Jenkins Towel Service v. Tidewater Oil Co.*, 422 Pa. 601, 223 A.2d 84, 86 (1966); *Kramer v. Phila. Feather Goods Corp.*, 364 Pa. 531, 73 A.2d 385 (1950).

We believe that appellant misconstrues the court's charge. As we read the particular charge in question, the court first directed the jury to determine if the board of directors was dissatisfied, and if it was, did it give the board the right to terminate him under the contract. A written contract should be construed as a whole. *Atlantic Richfield Co. v. Razumic*, 480 Pa. 366, 390 A.2d 736 (1978). *Shehadi v. Northeastern Nat. Bank of Pennsylvania*, 474 Pa. 232, 378 A.2d 304 (1977). In the current case, the complained of charge did nothing more than direct the jury to consider appellant's alleged dissatisfaction in light of the whole contract. In this particular respect, the charge was proper. However, the charge taken as a whole did not accurately state the law regarding dissatisfaction.

The Corporation complains that the court refused its points for charge, numbers 4, 5, 6, 7 and 8. These points contend that an employer's dissatisfaction need only be sincere, not reasonable, and that an employer need not inform an employee of its reasons. Appellee contends that the issue was not preserved by specific exceptions after the charge was given, and even if it was raised, the charge given was sufficient. We must disagree with appellee on both counts.

The trial court after denying such points for charge indicated that while the points were accurate statements of the law they were more appropriate for closing arguments. (N.T. p. 269). Prior to the charge, defense counsel attempted to persuade the court that the suggested points were proper for charging the jury. (*Id.*, 474 Pa. at 272–73, 378

A.2d 304). Following the charge, defense counsel, on the record, questioned the court's charge contending that the issue was not whether there was sufficient performance but rather whether the dissatisfaction with the performance was genuine. (*Id.*, 474 Pa. at 296, 378 A.2d 304). Thus, the issue was preserved.

■ Turning our attention to the merits of the rejected points for charge, we find a long line of cases supporting the Corporation's view.

> [Satisfaction] contracts are not strangers to the law of Pennsylvania and have been considered by us on numerous previous occasions. We have consistently held that where a contract provides for performance by one party to the satisfaction of the other, "the test of adequate performance is not whether the person for whom the service was rendered ought to be satisfied, but whether he is satisfied, there being, however, this limitation, that any dissatisfaction on his part must be genuine and not prompted by caprice or bad faith." (Emphasis in original.) *Kramer v. Phila. Leather Goods Corp.*, 364 Pa. 531, 73 A.2d 385 (1950); *Burke v. Daus. of Holy Redeemer*, 344 Pa. 579, 26 A.2d 460 (1942); *Singerly v. Thayer*, 108 Pa. 291, 2 A. 230 (1885).

*Jenkins Towel Serv. v. Tidewater Oil Co.*, 422 Pa. at 606, 223 A.2d at 86. Such a holding has been echoed in numerous cases. *See, Aster v. B.P. Oil Corp.*, 412 F.Supp. 179 (M.D.Pa.1976); *Feinberg v. Automobile Banking Corporation*, 353 F.Supp. 508 (E.D.Pa.1973); *Marine Transport Lines, Inc. v. Publicker International, Inc.*, 303 F.Supp. 423 (E.D.Pa.1969); *Commonwealth Department of Prop. & Sup. v. Berger*, 11 Pa.Cmwlth. 332, 312 A.2d 100 (1973).[1] Since the trial court acknowledged that the requested points accurately reflected the law, it should have so charged.

In *Brourman v. Bova*, 198 Pa.Superior Ct. 279, 182 A.2d 245 (1962), this court relying on *Burke v. Daus. of Holy Redeemer, supra*, found that the trial court had not erred

1. In *Berger*, the Commonwealth Court also required that a sufficient opportunity to perform be allowed before it could be judge whether performance was satisfactory.

in charging the jury that performance was to be to the defendant's satisfaction so long as dissatisfaction was bona fide and not capricious.[2] If we look back to the case of *Kramer v. Philadelphia Leather Goods Corporation, supra,* we find that the determination of whether the discharge was based on genuine dissatisfaction is a question for the jury. However, in the current appeal, was the jury provided with adequate guidance from the court to determine that question?

We think not.

Viewing the above charge, the jury was directed to determine, whether the Corporation was dissatisfied with Stern's performance, and whether dissatisfaction gave it the right to terminate him. The jurors were not instructed to determine whether the dissatisfaction was sincere or genuine.

Since the jury did not have the benefit of "proper instructions" we are unable to hold that the jury had a proper basis upon which to return its verdict. Therefore, we are constrained to award a new trial. The trial court did not fully apprise the jury of the pertinent law and hence we are unable to determine whether the verdict had a proper basis or not. *See, Hamil v. Bashline,* 481 Pa. 256, 392 A.2d 1280 (1978); *Fama v. Smith,* 303 Pa.Superior Ct. 414, 449 A.2d 755 (1982); *Weinstein v. Philadelphia Trans. Co.,* 222 Pa.Superior Ct. 448, 295 A.2d 111 (1972).

Having found that a new trial is required, we nonetheless find it necessary and desirable, so as to avoid any possibility of the repetition of the errors, to address the remaining issues.

Included in appellant's first contention is a claim that the court should not have permitted the jury to rely on paragraph eleven of the agreement to influence its verdict. That paragraph reads:

Regardless of any other provision in the Agreement, this Agreement may be terminated for breach of the Agree-

**2.** We must note that the court indicated that the bona fide dissatisfaction must be "reasonable". As noted previously the reasonableness of the dissatisfaction is not pertinent so long as the dissatisfaction is genuine.

ment by either party giving sixty (60) days written notice of termination to the other party. Such termination notice as given by the CORPORATION, shall only be transmitted to STERN after the CORPORATION indicates its intention to so terminate the employee's contract; said intention may be relayed to STERN by Salvatore Contino on behalf of the Board of Directors. Termination of the Agreement by either party may be made prior to completion of the term of employment specified herein in accordance with the aforementioned notice provision. Such termination shall not prejudice any other remedy to which the terminating party may be entitled either at law, or in equity, or under this Agreement.

The Corporation argues that such paragraph should be read separate and apart from paragraph four, *supra,* at p. 428, as paragraph four is not affected by the provisions of paragraph eleven. In other words according to the Corporation a termination pursuant to paragraph four did not require sixty days notice and the jury should not have been permitted to find a breach of the agreement for failing to give such written notice.

 As we held above no error occurred in permitting the jury to consider an issue in light of the whole contract. We can not accept appellant's argument. Paragraph four provides a basis for termination but it does not set forth what procedure was to be followed. Paragraph eleven spells out the procedure that controls when a breach occurs, but it does not, in and of itself, provide a definition for "breach." We find that it was within the purview of the jury to determine whether paragraph eleven pertained to the satisfaction provision contained in paragraph 4.

II. Did the trial court err in charging the jury on substantial performance?

 Appellant complains vigorously that the court's instruction on the doctrine of substantial performance was improper, unnecessary and could have only confused or misled the jurors. We must agree. At issue was whether Stern was dismissed because of the Corporation's genuine

dissatisfaction. While the charge on substantial performance may have been legally correct, it was unnecessary. A court should only instruct on that law that is pertinent to the controversy before it. *Hronis v. Wissinger*, 412 Pa. 434, 194 A.2d 885 (1963); *Perigo v. Deegan*, 288 Pa.Superior Ct. 93, 431 A.2d 303 (1981).

III. Did the trial court err in admitting evidence of oral promises preceding the written agreement?

The Corporation points out that Stern testified that Contino guaranteed him, prior to the signing of the agreement, that he would be employed for three years. The Corporation contends such contradicted the written intention of the parties that the employment would be for two, maybe three years, subject to the satisfaction clause. It argues that the testimony violated the integration clause of paragraph fifteen[3] and the parol evidence rule. Stern argues that the first time Contino's promise "that the contract would be upheld" came up at trial no objection was raised. (N.T. 35) Later, when he stated he "believed" Mr. Contino's assurance that he, Stern, would be with the company for three years, the Corporation objected. (N.T. 56–57). Stern further contends that while the Corporation raised this matter in a motion in limine, it did not preserve it in post trial motions. Contrary to appellee's claim, this contention was raised in post-trial motions. When, as in the instant case, an agreement or provision thereof is clear on its face and is not reasonably capable of differing interpretation, the intent of the parties must be ascertained from the writing itself. *Berger v. Ackerman*, 293 Pa.Superior Ct. 457, 439 A.2d 200 (1981); *Potts Mfg. v. Loffredo*, 235 Pa.Superior Ct. 294, 340 A.2d 468 (1975). However, while the proffered testimony may have been a violation of the parol evidence rule, not every violation of the rules of

3. Paragraph 15 reads:
 This agreement supersedes any and all other agreements, either oral, or in writing between the parties hereto with respect to the employment of STERN by the CORPORATION and contains all of the covenants and agreements between the parties with respect to such employment in any manner whatsoever.

evidence requires a new trial. Where the error has worked no harm to the appellant, a new trial will not be in order. *Whistler Sportswear, Inc. v. Rullo,* 289 Pa.Superior Ct. 230, 433 A.2d 40 (1981). The harmless error rule has been applied to the improper admission of parole evidence. *See Tate v. Moran,* 264 Pa.Superior Ct. 540, 400 A.2d 217 (1979). Here, reading the challenged testimony *as a whole,* and not select excerpts, it merely reflected the clear intent of the parties as provided in the agreement. Any error was harmless. Compare, *Capan v. Divine Providence Hospital,* 270 Pa.Superior Ct. 127, 410 A.2d 1282 (1979) (counsel was able to elicit similar testimony by other questioning).

IV. Did the court err in allowing the jury to award attorney's fees?

Paragraph seventeen of the agreement provided for the award of "reasonable attorney's fees" should one of the parties find it necessary to enforce its rights under the agreement. Stern testified that he had entered into a 25% contingency fee arrangement with his attorney. The Corporation contends that the evidence was inadequate to support a finding that the fee was reasonable. As this matter deals more with the parties presentation of their cases than with the court's conduct at trial we see no need to review this issue at this point in time as the parties will have another opportunity to address this point.

V. Did the trial court abuse its discretion by permitting testimony relating to Stern's prior employment?

The Corporation filed a motion in limine seeking to prevent the admission of testimony regarding Stern's prior employment. The motion was denied.[4] Prior to taking testimony the court reviewed the pleadings to determine what facts were admitted. The judge resolved that the jury could hear that the Corporation was aware that Stern had foregone other employment to work for the Corporation, though the specifics of such employment should not be

4. Stern contends that the denial of the motion was not appealed and appellant did not seek to have the issue certified for appeal, therefore

brought to the jury's attention as an admission. The Corporation contended that such was irrelevant. Stern testified that he gave up a tenured position as a school teacher in order to work for the Corporation. The Corporation here argues that such testimony was irrelevant and prejudicial.

 Relevant evidence is defined as evidence which tends to establish a fact in issue or which in some degree advances the inquiry, and thus has probative value. *Whistler Sportswear, supra.* Stern's prior employment as a tenured school teacher had no bearing on the resolution of the issues in this case and therefore it was improper to advise the jury of such prior job. Nor should the Corporation be barred from raising this issue by its failure to renew its objection at every opportunity and by its own cross-examination of Stern regarding his prior occupation. In *Yankunos v. Hinds Catering Co.,* 130 Pa.Superior Ct. 187, 196 A. 520 (1938), this court ruled that where it clearly appears from the ruling made as to a particular objection that such ruling will be applicable to all questions asked on the same matter counsel need not repeat his objection in order to preserve the issue. Furthermore, counsel who suffers an adverse ruling would be foolish if, after preserving his objection, he or she failed to attempt to discredit the testimony by cross-examination in the hope that he or she would be vindicated on appeal. *See* McCormick on Evidence § 55 (2nd Ed.1972).

VI. Did the trial court abuse its discretion by not permitting testimony concerning the amount of decrease in the Corporation's profit margin?

 When Stern attempted pre-trial to discover what he deemed to be relevant financial statements, the Corporation sought and obtained a protective order against the disclosure of its financial statements. It contended then

he believes the pre-trial ruling became the law of the case. As a new trial is warranted on other grounds we will not attempt to resolve the procedural quagmire appellee attempts to create. To accept appellee's position would be to punish the diligent practioner who attempts to resolve such matters pretrial, while awarding the practioner who chooses to await to the time of trial to raise the matter.

that the requested information was irrelevant and had no bearing on the case. Stern was able to depose the firm's controller, but at that time he was no longer employed as the Corporation's controller and therefore had to rely upon his recollection, instead of the requested documents. At trial the Corporation attempted to use the requested documents and the specific information therein to explain its dissatisfaction with Stern. Upon appellee's objection the court refused to allow the Corporation to use such information holding that it was estopped by its pretrial opposition to its discovery. The Corporation was permitted to offer general testimony as to its declined profit margin. We find no error in this ruling. A trial court must oversee discovery between the parties and therefore it is within that court's discretion to determine the appropriate measure necessary to insure adequate and prompt discovering of matters allowed by the Rules of Civil Procedure. *Gonzales v. Procaccio Bros. Trucking Co.*, 268 Pa.Superior Ct. 245, 251, 407 A.2d 1338, 1341 (1979). The Court should not impose sanctions unless a party has disregarded or disobeyed a court order *or* an obligation under the rules of procedure. *Jerry Pitell Co. v. Penn State Const.*, 277 Pa.Superior Ct. 575, 419 A.2d 1299 (1980). Even though Rule 4019(a)(2), Pa.R.C.P.,[5] explicitly excused the Corporation from producing the requested information, we find that the trial court did not abuse its discretion in excluding the evidence.

If the financial statements were relevant to the question of dissatisfaction then Stern was entitled, under Rules 4003.1 and 4009 Pa.R.C.P., to their production and the Corporation would have been obligated to produce them. Appellant sought to avoid its obligation by obtaining a protective order and yet it wishes to be permitted to use the same materials on its own behalf. Just as in a situation

5. That rule reads:
 (2) A failure to act described in subdivision (a)(1) may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has filed an appropriate objection or has applied for a protective order.

where the failure to provide requested information may justify the disallowance at trial of the undisclosed evidence, *see Gonzales, supra,* the present situation required exclusion of the information.

VII. Was the Corporation entitled to binding instructions?

■ Binding instructions after the presentation of the defense's case are sustainable only where the evidence is insufficient to support the plaintiff's cause of action. *Highland Tank & Mfg. Co. v. Duerr,* 423 Pa. 487, 490, 225 A.2d 83 (1966). In reviewing the sufficiency of the evidence, a court must determine whether in viewing all the evidence and all reasonable inferences arising from it in a light favorable to the plaintiff, a jury could reasonably conclude that the elements of the cause of action have been established. *Mazza v. Mattiace,* 284 Pa.Superior Ct. 273, 425 A.2d 809 (1981). Here the evidence, viewed in such light could reasonably supported the jury's verdict and hence binding instruction were properly refused.

Judgment is vacated and the case is remanded for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.

ROWLEY, J. concurred in the result.