Allegheny West Civic Council, Inc., Appellant *v.* City Council of the City of Pittsburgh et al., Appellees.

Argued June 4, 1984, before Judges Rogers and Colins, and Senior Judge Barbieri, sitting as a panel of three.

*Frederick R. Nene,* for appellant.

*William P. Bresnahan, Rothman, Gordon, Foreman and Groudine, P.A.,* for appellees.

OPINION BY JUDGE ROGERS, December 6, 1984:

The Allegheny West Civic Council, Inc. (Civic Council) appeals here from an order of the Court of Common Pleas of Allegheny County dismissing a zoning apeal. We affirm.

On March 23, 1983 the Community College of Allegheny County (Community College) filed two requests for conditional uses to permit two properties located in the twenty-second ward of Pittsburgh to be used for, respectively, an administrative office and a parking lot. Following hearings, the City Planning Commission recommended that the conditional uses be granted. The City Council of the City of Pittsburgh (City Council) unanimously approved the Planning Commission's recommendation and the Mayor of Pittsburgh executed the ordinance granting the application.

The Civic Council filed an appeal from this decision to the court of common pleas pursuant to Section 752 of the Local Agency Law, 2 Pa. C. S. §752, in accordance with the procedure for such appeals recognized by this Court in *North Point Breeze Coalition v. Pittsburgh,* 60 Pa. Commonwealth Ct. 298, 431 A.2d 398 (1981). The Community College intervened.

In its appeal petition, the Civic Council describing itself as "a civic organization incorporated under the law of Pennsylvania," alleged that the Pittsburgh Code did not authorize the Pittsburgh City Council and the mayor to permit the uses in question by conditional use. The Civic Council did not indicate in its appeal petition, however, and we are unable to discern

from the record before us, if it participated in the hearings held before the Planning Commission.

The following events then took place in the trial court:

On or about October 10, 1983, the Community College served a notice of deposition on officers of the Civic Council requesting them to bring the membership lists.

On October 21, 1983, the Civic Council filed a Petition for Protective Order seeking protection from revealing the identity of its members as privileged, confidential and irrelevant.

On October 31, 1983, Judge (now Justice) PAPA-DAKOS denied the prayer of the Petition for Protective Order and directed that the names and addresses of the Civic Council members be furnished within ten days.

The Civic Council did not comply with the court's order of October 31, 1983. It filed a second Petition for Protective Order asking the court to require of the Community College that it not provide the list of the members of the Civic Council to any other persons or organizations and that "any and all comunication to the members" be made through its attorney. Judge PAPADAKOS denied the prayer of this petition by order made November 22, 1983.

The court's order of October 31, 1983 requiring the Civic Council to furnish the names and addresses of its members within ten days not having been complied with the Community College filed a Motion for Sanction. By order made December 20, 1983, Judge PAPA-DAKOS granted the motion and directed the Civic Council to "comply with this Court's Order of October 31, 1983 on or before December 30, 1983. Failure of appellant to comply fully will result in dismissal of the appeal."

On December 30, 1983, the Civic Council not having complied with the orders of October 31, 1983 and December 20, 1983, Judge PAPADAKOS dismissed the Civic Council's appeal with prejudice.

The Civic Council appealed the order of December 30, 1983 to this court on January 18, 1984.

It is difficult to describe with precision the issues the Civic Council seeks to raise because the question it states is "did the lower court err in dismissing the zoning appeal for failure of the appellant to provide a list of names and addresses of its members?" It apparently contends that the dismissal of its zoning appeal violated its federal due process rights and denies its members right under Article I, Section 7 of the Pennsylvania Constitution to "free communication of thoughts and opinions[,]" and that the trial court erred in requiring disclosure and in refusing its request for a reasonable protective order because the rules of discovery do not require protection of irrelevant or privileged matter.

In its brief to this Court, the Civic Council rests its due process argument on the case of *National Association for the Advancement of Colored People v. Alabama*, 357 U.S. 449 (1958), a case where the Supreme Court held that the State of Alabama was precluded by the due process clause of the United States Constitution from requiring the National Association for the Advancement of Colored People (N.A.A.C.P.) to disclose its membership in the course of a proceeding brought by the State of Alabama to enjoin the activities of the N.A.A.C.P. in that state. None of the obvious burdens on the right of association which the Supreme Court recognized would have been attendant upon disclosure of the membership list in the circumstance of that case are present here, how-

ever, and we accordingly find no merit in the Civic Council's due process argument.

Similarly, the Civic Council has failed to indicate how the disclosure of its membership list in the course of the litigation which it instituted in this case would in any way impinge upon its members' Article I, Section 7 rights to "free communication of thoughts and opinions[,]" nor are we able to perceive any burdening of these rights. We therefore find no merit in Appellant's Pennsylvania constitutional arguments.

Turning to Appellant's second argument, we note that Pa. R.C.P. No. 4003.1 provides in pertinent part that "a party may obtain discovery regarding any matter, not privileged, *which is relevant*. . . ." (Emphasis added.) Pa. R.C.P. No. 4012, in turn, provides in relevant part that "[u]pon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expenses. . . ."

There is no question that the Civic Council membership list was a proper subject of discovery since this information was potentially relevant to the question of whether the Civic Council had standing to pursue its appeal. As we have observed, this litigation is pursuant to the Local Agency Law, which at 2 Pa. C. S. §752 provides that any person aggrieved by an adjudication shall have the right to appeal. In *Committee to Preserve Mill Creek v. Secretary of Health*, 3 Pa. Commonwealth Ct. 200, 281 A.2d 468 (1971), we held that a committee of citizens which was not itself the owner of land or the agent of persons who were owners had no standing to appeal an adjudication of the county health department approving an on site sewage disposal system pursuant to a statute allow-

ing appeal by persons aggrieved. *See also, Northampton Residents Association v. Northampton Township Board of Supervisors,* 14 Pa. Commonwealth Ct. 515, 322 A.2d 787 (1974), a case relating to zoning. It does not appear that the Civic Council is the owner of land. Hence, the names and addresses of its members will aid in determining whether it is the agent of persons who are owners.

Although its brief is not clear on the subject, the Civic Council seems also to be raising a question as to the propriety as a matter of law of the court's refusal of its applications for protective orders. Requests for protective orders are submitted on motion to the trial judge who "may make any order justice requires." Pa. R.C.P. No. 4012. As a leading authority writes:

> There are no hard-and-fast rules as to how a motion for a protective order is to be determined by the court. Whether to grant or deny the motion, and what kind or kinds of protective orders to issue are matters that lie within the sound judicial discretion of the court, and the Court's determination as to these matters will not be disturbed unless that discretion has been abused. (Footnote omitted.)

Goodrich-Amram 2nd §4012(a): 15.2.

An exercise of discretion by a trial court may not be overturned by an appellate court because the latter is persuaded that it might have taken a different action. An abuse of discretion "is not merely an error of judgment ... [it is a] ... judgment ... [which is] ... manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record. . . ." *Mielcuszny et ux. v. Rosol,* 317 Pa. 91, 93-94, 176 A. 236, 237 (1934).

We have earlier in this opinion rejected the Civic Council's objections to the Community College's request for the membership lists based on due process and freedom of speech grounds. We have found that the lists are relevant to the Community College's defense of the trial court's order. What wrongful profit could accrue to the Community College or harm befall the members of the Civic Council by the disclosure of the latters' names as persons engaged in this zoning case, does not appear.

We believe that the trial judge committed no abuse of discretion in refusing the Civic Council's motions for protective orders and that he properly dismissed the Civic Council's appeal after the Civic Council had twice failed to comply with the court's orders to produce its membership lists.

Order affirmed.

ORDER

AND Now, this 6th day of December, 1984, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

---

DISSENTING OPINION BY JUDGE BARBIERI:

I wish to express my wholehearted agreement with the majority in the conclusion that the common pleas court properly rejected Appellant's first request for a Protective Order. I also agree that the second half of the two requests in the Appellant's second application for a Protective Order is without merit and was properly refused. I disagree, however, with the trial court's rejection of Appellant's request that, upon voluntarily disclosing its membership list, it be protected from misuse of the list by imposition of the condition that the information not be disseminated to third parties. Since a restriction prohibiting Com-

munity College from disclosing Appellant's membership list to third parties would in no way restrict the ability of Community College to utilize the information offered to assess Appellant's standing, and since the harm that might result from the disclosure of the list to third parties could probably not be remedied by subsequent court action, I believe the common pleas court could properly and should have granted this portion of Appellant's second request for a Protective Order.

Accordingly, I would reverse in part the common pleas court's dismissal order and direct that court to reinstate Appellant's zoning appeal subject to Appellant's disclosure to Community College of its membership list on the condition that the list not be disseminated to third parties.