Donald WILSON

v.

Tom LAMB, Individually and in his capacity as an officer, servant, employee or agent of Rexair, Inc.

Lyle Freeland, Individually and in his capacity as an officer, servant, employee or agent of Rexair, Inc.

Rexair, Inc., a Delaware Corporation.

Civ. A. No. 88–60.

United States District Court,
E.D. Kentucky,
Ashland Division.

April 4, 1989.

Garis L. Pruitt, Pruitt & Mussetter, Catlettsburg, Ky., and Michael C. Wilson, Russell, Ky., for plaintiff.

Mitchell, Silberberg & Knupp, Los Angeles, Cal., and Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Ashland, Ky., for defendants.

## ORDER

JOSEPH M. HOOD, United States Magistrate.

The parties in the above-styled action had various discovery motions before the court, which were referred to the undersigned for a hearing held on March 13, 1989. Two matters were taken under advisement at that time and are the subject of this order.

First, the defendants have requested the plaintiff to produce a tape recording of a meeting between the plaintiff, his counsel Mike Wilson, and two individuals employed by Rexair, Sam Pack [Pack] and Timothy Marcum [Marcum]. The meeting allegedly occurred prior to the filing of this action. The defendants argue that the tape was made without the knowledge or consent of Pack and Marcum. Affidavits by both participants are submitted in support of this contention. Pack and Marcum also state in the affidavits that they would not have participated in the meeting had they known it was being recorded.

The plaintiff has refused to produce the tape, contending that it was prepared in anticipation of litigation, thus it is protected from production under the work product doctrine. The plaintiff contradicted, without stating facts, the defendants' assertion that the meeting was clandestinely taped.

■ In *Parrott v. Wilson*, 707 F.2d 1262 (11th Cir.), *cert. denied*, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983), the court assumed a secret tape recording of a meeting between the plaintiff's attorney and two key defense witnesses to be work product. The court went on to hold that clandestinely recorded conversations with witnesses is unethical conduct for attorneys, vitiating whatever work product privilege which may have existed. The court followed a similar holding in *Moody v. IRS*, 654 F.2d 795 (D.C.Cir.1981), which cited American Bar Association Committee on Ethics and Professional Responsibility decisions that recording of conversations of witnesses without their consent is unethical. *Id.* at 800.

This rule has not changed. In a footnote, the *Parrott* court pointed out that, because the witnesses stated they would not have consented to a recorded interview, the tapes would not have existed but for counsel's misconduct. *Parrott*, 707 F.2d at 1272. While case law on this question is scarce, at least one other court has addressed the issue and agreed with *Parrott* and *Moody*. See *Haigh v. Matsushita Elec. Corp. of America*, 676 F.Supp. 1332, 1356–57 (E.D.Va.1987).

■ In this case, both witnesses state that they did not consent to a recorded interview, that they had no knowledge the meeting was being recorded, and that they would not have consented to a recording. The plaintiff offers only a blanket, unsupported sentence in his response that "[n]one of the taping was done surreptitiously." The plaintiff has not provided any evidence, by affidavit or otherwise, to counter the defendants' charge. As a result, there is reason to believe that the meeting was tape recorded by the plaintiff's attorney without the consent of either witness. Based on the authority of *Parrott*, *Moody*, and *Haigh*, such conduct vitiates any work product privilege and the plaintiff is ordered to produce this tape for the defendants.[1]

■ Regardless of this result, it is indisputable that the defendants could obtain

---

1. The undersigned has assumed, without deciding, that the tape was within the work product privilege.

the tape through a request from Marcum and Pack to the plaintiff under Fed.R.Civ. P. 26(b)(3). Thus, no purpose would be served in further delaying this inevitable result.

■ The second issue for consideration is a motion of defendant Rexair for a protective order under Rule 26(c), Fed.R. Civ.P., requiring the plaintiff to take any depositions of Joseph V. Sanders [Sanders] and Douglas Cunningham [Cunningham] at Rexair's principal place of business in Troy, Michigan. Both persons are executives of Rexair working at the Troy headquarters. However, the plaintiff recently noticed a deposition for Sanders and Cunningham to be taken at the office of his attorney in Catlettsburg, Kentucky.

Rexair argues that neither person has occasion "regularly, or even sporadically" to travel to the Catlettsburg, Kentucky area on business and that it would be quite inconvenient for them to do so, thus allowing a protective order to issue under Rule 26(c).

The plaintiff has not responded to this motion and has offered no reason why these deponents should be required to accomodate such unnecessary burden and expense. The accompanying affidavits of the deponents providing supporting facts for the order are not challenged.

Therefore, the court being fully advised,

IT IS HEREBY ORDERED AS FOLLOWS:

1. That defendants' motion to compel production of the original copy of any and all tape recordings of a meeting between the plaintiff, his counsel Mike Wilson, and two individuals employed by Rexair, Sam Pack [Pack] and Timothy Marcum [Marcum] in the office of plaintiff's counsel at a mutually convenient time be, and the same hereby is GRANTED.

The tape(s) should be produced on or before April 16, 1989, and production is subject to the same guidelines for expert analysis pertaining to other tape recordings to be produced under the Order in this action entered March 30, 1989.

2. That defendant Rexair's motion for protective order to require the plaintiff to hold any and all depositions of Joseph V. Sanders and Douglas Cunningham at Rexair's principle place of business in Troy, Michigan be, and the same hereby is, GRANTED.