572 A.2d 27

**Thomas J. FINUCANE, Individually and on behalf of other area 4 Milk Consumers, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA MILK MARKETING BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1989.

Decided Feb. 14, 1990.

Reargument Denied April 19, 1990.

Thomas J. Finucane, Wingerd and Long, for petitioner.

Thomas M. Crowley, Chief Counsel, for respondent.

Allen C. Warshaw, with him, Donald A. Tortorice, for intervenor, South Cent. Milk Dealers Ass'n.

Donn L. Snyder, for intervenor, Pennsylvania Food Merchants Ass'n.

Before DOYLE, COLINS, and PALLADINO, JJ.

PALLADINO, Judge.

Thomas J. Finucane (Petitioner) appeals an order of the Pennsylvania Milk Marketing Board (Board) which denied his request for review and amendment of Board order A–858. We affirm.

Following three days of hearings, the Board entered general order A–858 which increased wholesale and retail minimum milk prices for Milk Marketing Board Area 4.[1] Petitioner filed an application for reconsideration of this order which the Board denied.[2] Petitioner filed this appeal.

1. Pennsylvania Milk Marketing Board Area 4 includes Fulton, Franklin, Adams, York, Lancaster, Lebanon, Dauphin, Perry, Juanita and Cumberland Counties.

2. Petitioner appealed Board order A–858 which was entered on March 16, 1989 and the Board's order denying reconsideration of April 24, 1989. Both appeals were filed with this Court on May 16, 1989. This court quashed the appeal of order A–858 as untimely. Therefore, the only appeal before us is the denial of reconsideration.

Petitioner argues that the Board erred in denying his application for reconsideration because it failed to correct the following errors in order A–858: 1) the Board granted an increase in minimum milk prices without dealers and retailers showing a threshold need for an increase based upon aggregate sales; 2) the Board established minimum prices based upon delivery costs for small deliveries instead of for normal retail store deliveries; 3) the Board incorrectly calculated the cost differential between plastic and paper containers; 4) the Board failed to provide for the undisputed price difference between milk products that vary in butterfat content; and 5) the Board established minimum retail prices without credible evidence regarding in-store handling costs.

The decision to grant or deny a request for reconsideration is a matter of administrative discretion and, therefore, will be reversed only for an abuse of that discretion. *Southwest Pennsylvania Natural Resources, Inc. v. Department of Environmental Resources,* 77 Pa.Commonwealth Ct. 114, 465 A.2d 108 (1983). An abuse of discretion is not merely an error of judgment. *Allegheny West Civic Council v. City Counsel of the City of Pittsburgh,* 86 Pa.Commonwealth Ct. 308, 484 A.2d 863 (1984). It is a judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record. *Id.*

Initially, we note that Petitioner does not argue that the Board abused its discretion in denying his application for reconsideration of Board order A–858. Petitioner only asserts that errors were made in the price order. Because of our scope of review, we will consider Petitioner's allegations of error as allegations of abuse of discretion.

■ Petitioner first argues that the Board erred in failing to require dealers and retailers to show a threshold need for a price increase. This argument merely questions the Board's procedure. Under the Board's current practice, it hears testimony concerning dealer and retailer costs of processing, selling and handling of milk. The Board then

sets minimum milk prices to include the statutorily required rate of return.[3] Petitioner argues for a different procedure which would require those seeking an increase to demonstrate that they are not receiving the statutorily mandated rate of return based upon current minimum milk prices. The Board would then set minimum prices. The Board's denial of Petitioner's request to change Board procedure is not an abuse of discretion.

Next, Petitioner argues that the Board should have set minimum milk prices based on normal retail store delivery costs instead of using the unit costs for small deliveries. Petitioner also argues that the Board incorrectly calculated the cost difference between plastic and paper containers.

Petitioner failed to raise these two issues in his application for amendment and review before the Board. Section 703 of the Administrative Agency Law, 2 Pa.C.S. § 703, states in pertinent part as follows:

(a) General rule.—A party ... may not raise upon appeal any other question not raised before the agency ... unless allowed by the court upon due cause shown.

Because Petitioner failed to raise these issues before the Board, we clearly cannot find that the Board abused its discretion.

Petitioner, next argues that the Board failed to account for the demonstrated price differences between milk prod-

---

3. Section 801 of the Milk Marketing Law (Law) states in pertinent part as follows:

The board shall base all prices upon all conditions affecting the milk industry in each milk marketing area, including the amount necessary to yield a reasonable return to the producer, which return shall not be less than the cost of production and a a reasonable profit to the producer, of the quantity of milk necessary to supply the consumer demand for fluid milk plus a reasonable reserve supply as determined by the board, and a reasonable return on aggregate milk sales by milk dealers or handlers and stores selling milk. A reasonable return shall mean not less than a two and on-half percent (2½%) nor more than three and one-half percent (3½%) rate of return based on net sales of price-controlled products determined in accordance with generally accepted accounting principles....

Act of April 28, 1937, P.L. 417, *as amended,* 31 P.S. § 700j–801.

ucts that contain varying amounts of butterfat. Petitioner argues that this failure violates *Lily Penn Food Stores, Inc. v. Pennsylvania Milk Marketing Board*, 80 Pa.Commonwealth Ct. 266, 472 A.2d 715 (1984). In *Lily Penn*, we held that the Board abused its discretion when it ignored testimony concerning cost differentials between milk products that contain different butterfat amounts.

Here, the Board did account for the cost differences in the different milk products. However, the Board adjusted the cost differences so they would be consistent with the price differentials in other milk marketing areas. This resulted in a smaller price difference between product types than Petitioner proposes. The Board has not abused its discretion on this issue.

Finally, Petitioner argues that the Board erred when it established minimum retail prices without credible evidence concerning in-store handling costs. The Board heard testimony from retailers concerning the costs of handling milk in retail stores. The Board rejected the retailers estimate of their handling costs. The Board found that in-store handling costs exist but at levels lower than those alleged by the retailers. The Board then set a minimum retail price which, in its judgment, would generate the statutorily mandated rate of return. We see no abuse of discretion on this issue.

Accordingly, the Board order denying Petitioner's request for reconsideration is affirmed.

## ORDER

AND NOW, February 14, 1990, the Pennsylvania Milk Marketing Board's order denying Thomas J. Finucane's request for reconsideration of Board order A–858 is affirmed.

COLINS, Judge, dissenting.

I respectfully dissent from the majority's affirmance of the Board's denial of Petitioner's application for reconsider-

ation. Specifically, I disagree with the majority's characterization of Petitioner's argument, that dealers and retailers must show a threshold need for a price increase based upon aggregate milk sales, as "merely question[ing] the Board's procedure." (Op. at 87.) Rather, I believe that the Milk Marketing Law (Law), Act of April 28, 1937, P.L. 417, *as amended,* 31 P.S. §§ 700j–101 through 700j–1204, and this Court's decisions in *Lily Penn Food Stores, Inc. v. Pennsylvania Milk Marketing Board,* 80 Pa.Commonwealth Ct. 266, 472 A.2d 715 (1984) (*Lily Penn III*), and *Lily Penn Food Stores, Inc. v. Milk Marketing Board,* 62 Pa.Commonwealth Ct. 597, 437 A.2d 485 (1981) (*Lily Penn II*), require the Board as a matter of substantive law to consider this evidence prior to establishing milk prices.

Section 801 of the Law, 31 P.S. § 700j–801, provides in pertinent part that "[t]he board shall base all prices upon *all conditions* affecting the milk industry in each milk marketing area, including the amount necessary to yield ... a *reasonable return on aggregate milk sales* by milk dealers or handlers and stores selling milk." (Emphasis added.) We held in *Lily Penn II* that:

> In complying with the statutory [directives in Section 801], the board must be guided by the primary language of Section 801, which mandates board consideration of 'all conditions affecting the milk industry in [the] area.' That language reflects legislative recognition of the varied elements affecting prices, along with imminent transition and growth in the industry.

62 Pa.Commonwealth Ct. at 603, 437 A.2d at 489. *See also Lily Penn III* (Board must follow provisions of Section 801 of the Law).

In the instant case, the Board argued that it was not required to consider such evidence and that a threshold determination of the need for a price increase based upon aggregate milk sales would require it to adopt a different *procedure* than that presently utilized. However, in light of the above discussion I cannot accept this argument.

Accordingly, the affirmance of the Board's denial of Petitioner's application for reconsideration based upon the characterization of Petitioner's argument as procedural is not supported by the law or by the *Lily Penn* cases, and I would reverse the Board's denial for those reasons.