## Pennington v. Cuprum

76

C.P. of Northampton County, no. 1993-C-3887.

*Ronald W. Shipman,* for plaintiff Alan Pennington.
*Nancy K. Busch,* for plaintiff Barbara Pennington.
*Jeffrey A. Krawitz,* for defendants Cuprum, S.A. de
C.V. and Beth-Allen Ladder Co.
*Neil T. O'Donnell,* for defendant Housing Authority
of the City of Easton.

FREEDBERG, *P.J.,* July 2, 1996—This matter is
before the court for disposition of defendant Cuprum,
S.A. de C.V.'s motion for a protective order pursuant
to Pa.R.C.P. 4012. Plaintiffs have filed a complaint
premised upon products liability theory for compen-

sation for personal injuries allegedly sustained when a ladder manufactured by Cuprum collapsed as plaintiff Alan Pennington was climbing on it. The issue before the court requires a determination of where plaintiffs may take the oral depositions of employees of Cuprum, a Mexican corporation. Plaintiffs have filed a notice of taking the depositions of employees of Cuprum regarding design, testing, and production of the ladder, design and use of warnings contained on the ladder, and information as to other lawsuits alleging a defective product designed or manufactured by Cuprum. The deposition notice sets the place of the depositions at the Northampton County Courthouse. Cuprum's motion for protective order seeks to have the depositions taken at the corporate headquarters in Nuevo Leon, Mexico.

Cuprum cites Pa.R.C.P. 4011, which provides as follows:

"No discovery or deposition shall be permitted which . . . (b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party; . . . ."

It further cites Pa.R.C.P. 4012, which provides as follows:

"(a) Upon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense, including one or more of the following: . . . (2) that the discovery or deposition shall be only on specified terms and conditions, including a designation of the time and place."

A motion for a protective order against discovery may only be granted where justice requires and upon a showing of good cause. Goodrich-Amram 2d, §4012(a):7. The question whether good cause exists is a matter that falls within the discretion of the court. *Allegheny West Civic Council Inc. v. City Council of Pittsburgh,* 86 Pa. Commw. 308, 484 A.2d 863 (1984). The party moving for a protective order bears the burden of establishing that the requested discovery is objectionable and that good cause exists for granting such a motion. *Chrysler v. Zigray,* 7 D.&C.4th 408 (1990); *Ornsteen v. Bass,* 50 D.&C.3d 371 (1988).

In support of the motion for protective order, Cuprum asserts that it must produce three of its high-level management representatives to answer the matters listed in the deposition and that to do so in Easton, Pennsylvania, would be burdensome. It argues that the deposition should occur at the corporate headquarters in Nuevo Leon, Mexico, so that the individuals can attend to their daily obligations to the corporation while also providing plaintiffs with the deposition testimony. Plaintiff asserts that the depositions should occur at the Northampton County Courthouse because the litigation is filed in Northampton County, defendant manufactures its product with the objective and knowledge that it will be distributed in the United States, and to require plaintiff to take the depositions in Mexico would be unreasonably financially burdensome to an injured individual such as plaintiff.

There is no Pennsylvania appellate court decision on the issue of where oral depositions of out-of-country or out-of-state corporate officials or employees should be taken. In *Econ Marketing Inc. v. Side II Associates*

*Ltd.,* 17 D.&C.4th 341 (1992), the court declined to issue a protective order where a deposition of a corporate president from Minnesota was scheduled to be held in Monroe County, Pennsylvania. However, the court required that the party seeking the deposition pay the reasonable expenses incurred by the corporate president including travel, food and lodging in responding to the notice of deposition.

There is substantial federal authority on the issue. Fed.R.C.P. 26(c) provides for issuance of a protective order "for good cause shown." Similarly to the Pennsylvania rule, the court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . that the disclosure or discovery may be had only on specified terms and conditions including a designation of the time or place. . . ." The general rule in federal litigation is that, in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located. The rationale for this rule is the concept that it is the plaintiff who brings the lawsuit and chooses the forum. The defendant is not before the court by choice. Thus, courts have held that the plaintiff normally cannot complain if he is required to take discovery at a great distance from the forum. *Farquhar v. Shelden,* 116 F.R.D. 70 (E.D. Michigan 1987) (holding that the defendant, a citizen of the Netherlands, was entitled to a protective order requiring plaintiff to take his deposition in the Netherlands). With respect to corporate defendants and their officers and employees, the general rule is "[t]he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business. This rule is subject to modification, however, when

justice requires." 8 C. Wright and A. Miller, Federal Practice and Procedure §2112 (1970). See *Salter v. Upjohn Co.,* 593 F.2d 649 (C.A. 5, 1979); *Wilson v. Lamb,* 125 F.R.D. 142 (D.C. Kentucky 1989); *Mitchell v. American Tobacco Co.,* 33 F.R.D. 262 (D.C. Pa. 1963).

Cuprum asserts that it would be unreasonably burdensome if the deponents are required to travel to Pennsylvania from Mexico because they are critical employees necessary to the functioning of its business. Further, two of the three would be required to obtain visas to travel to the United States. While neither of these contentions poses insurmountable barriers, we see no reason to depart from the general rule cited above. Thus, the oral deposition of Cuprum's employees shall occur at the corporate headquarters in Mexico.

In so holding, we are mindful of the significant financial burden which this may place on plaintiffs. Pa.R.C.P. 4008 provides that if a deposition is to be taken by oral examination more than 100 miles from the courthouse, the court, upon motion, may make an order requiring the payment of reasonable expenses including attorneys' fees, as the court shall deem proper. Where an out-of-state defendant objects to attending oral depositions in Pennsylvania, the court may order the defendant to pay reasonable counsel fees, costs and expenses involved in taking his deposition in his state of residence. *Rapoport v. Sirott,* 418 Pa. 50, 209 A.2d 421 (1965). In determining what is proper, we note plaintiff's contention that defendant Cuprum benefits from the intentional distribution of its products in the United States. Thus, it acknowledges transferring its goods at mid-bridge to American distributors. On the other hand, Cuprum argues that it should not be required to finance the litigation initiated by plaintiff. In view

of these contentions, we believe that a fair approach is to require that plaintiff and defendant Cuprum each pay one-half of the reasonable travel expenses incurred by plaintiffs with said expenses to be taxed as costs of the litigation in favor of the prevailing party. See *Huynh v. Werke,* 90 F.R.D. 447 (S.D. Ohio 1981).

Alternatively, plaintiff may choose to conduct the oral deposition by telephone conference call. See *Rehau Inc. v. Colortech Inc.,* 145 F.R.D. 444 (D.C. Michigan 1993). The Federal Rules of Civil Procedure expressly provide for telephone deposition. Fed.R.C.P. 30(b)(7). Telephone depositions are neither expressly authorized nor enjoined by the Pennsylvania Rules of Civil Procedure. Since the purpose of the rules is to secure a just, speedy, and inexpensive determination of the actions to which they apply, Pa.R.C.P. 126, and given the inherent power of the court to control the progress of litigation, we may authorize telephone depositions for good cause. The ready availability of telephone conference calling and fax machines make telephone deposition a feasible option.

Wherefore, we enter the following order:

## ORDER

And now, July 2, 1996, the motion for protective order by defendant Cuprum, S.A. de C.V. is granted. The oral deposition of the employees of Cuprum shall be conducted at Cuprum's corporate headquarters in Mexico. Plaintiff and defendant Cuprum shall each pay one-half of the reasonable travel expenses incurred by plaintiff to conduct the oral deposition in Mexico. The costs shall ultimately be taxed as costs of the litigation. Alternatively, upon election of plaintiffs, the oral depositions may be taken by telephone conference.