**Marion v. Lukaitis**

*Neil T. O'Donnell*, for plaintiffs
*Suzanne Tighe*, for defendants

MINORA, *J.*, August 15, 2013—Before the court is defendant's motion to appeal from discovery order pursuant to Lackawanna County R.C.P. 4000.1. Defendant appeals Special Trial Master ("STM") Burke's order denying defendant's motion for protective order. The appeal of the defendant is granted in part and denied in part.

## FACTUAL HISTORY

This case stems from a motor vehicle accident that occurred on July 30, 2011 at the intersection of Green Ridge Street and Wyoming Avenue in Scranton, Lackawanna County, Pennsylvania. According to the complaint, plaintiff Amanda Marion and her minor children were in a stopped car when Mary Lukaitis ("defendant Lukaitis"), traveling at a high rate of speed and under the influence, struck the Marion vehicle and injured the plaintiffs, and fled the scene.

Defendant Lukaitis had no automobile liability insurance at the time of the collision. Plaintiffs made a claim for uninsured motorist benefits to their insurance carrier, Motorists Mutual Insurance Company ("defendant Motorists Mutual"). Receiving no reasonable settlement offer from defendant Motorists Mutual, plaintiffs filed their

complaint on December 6, 2011, and alleged negligence against defendant Lukaitis, and breach of contract against defendant Motorists Mutual.

Subsequent to the filing of the complaint, plaintiff Amanda Marion underwent a neuropsychological examination by treating physician, John Harvey, M.D. Dr. Harvey's examination was without the presence of a third party. Plaintiff Amanda Marion was also scheduled to undergo a neuropsychological examination by Christopher King, M.D. However, plaintiff Amanda Marion requested that her attorney be present during the examination.

Unable to compromise, defendant Motorists Mutual motioned for a protective order to restrict plaintiff Amanda Marion from having a third party present during Dr. King's neuropsychological examination.

On December 17, 2012, STM Burke filed an order denying defendant's request for a protective order precluding the presence of a third party. Defendant Motorist Mutual filed a motion for de novo appeal of STM Burke's December 17, 2012 order. On December 31, 2012, STM Burke reaffirmed his December 17, 2012 order.

Defendant Motorists Mutual now motions for de novo appeal of STM Burke's December 31, 2012 order. During a hearing on defendant's motion for a protective order, defendant called upon Dr. King as an expert witness. Dr. King was the only witness who testified during the hearing, and his testimony stood unrebutted. Dr. King provided testimony as to the accepted protocol of neuropsychological examination being one-on-one with only the examiner and examinee present. Dr. King also submitted opinion that the presence of a third party or

recording of the neuropsychological examination would render invalid results.

## PROCEDURAL HISTORY

On December 17, 2012, STM Burke filed an order denying defendant's motion for a protective order. Defendant's motion for a protective order was based on restricting the presence of a third party during the neuropsychological examination and also restricting the audio or video recording of the examination. On December 26, 2012, defendant filed a motion for de novo appeal of STM Burke's December 17, 2012 order. However, on December 31, 2012, STM Burke reaffirmed his December 17, 2012 order. Defendant now motions for de novo appeal of STM Burke's December 31, 2012 order pursuant to Lackawanna County R.C.P. 4000.1.

## LEGAL ARGUMENT OF THE PARTIES

Plaintiff's Argument

Plaintiff argues that under 4010(a)(4)(i) of the Pennsylvania Rules of Civil Procedure, the plaintiff has the right to have counsel or other representative present during the neuropsychological examination. Moreover, Pa.R.C.P. 4010(a)(5)(i) permits the plaintiff, upon reasonable notice and at the plaintiff's expense, to conduct a stenographic or audio recording of the examination.

Defendant's Argument

Defendant raises the issue of the plaintiff using opinion from an examination she underwent in the absence of a third party. Defendant also argues that the presence of a third party or recording of the examination is contrary

to accepted protocol of neuropsychologists and would render invalid results. Defendant contends that, given the circumstances of the case at bar, this court should grant a protective order in accordance with Pa.R.C.P. 4012(a)(6) precluding a third party from being present during the examination, and also restricting any recording of the examination by audio or video.

## LEGAL STANDARD

Lackawanna County R.C.P. 4000.1 provides for a de novo appeal from an order of the discovery master upon motion of a party and payment of appeal cost.

Party's Rights as to Mental Examinations

Pennsylvania Rule of Civil Procedure 4010(a)(4)(i) states "the person to be examined shall have the right to have counsel or other representative present during the examination." Moreover, under Rule 4010(a)(5)(i) the party who is being examined may "upon reasonable notice and at the party's expense a stenographic or audio recording of the examination."

Although there appears to be no appellate guidance on this specific matter, other Pennsylvania common pleas courts have concluded the words of Pa.R.C.P. 4010 are clear, and a party being examined has the right to have counsel present during a mental examination. *Romagnoli v. Westmoreland Regional Hospital*, No. 1514 of 2011, (Westmoreland Co. Pa. Com. Pl. April 5, 2013). However, there is an exception to Rule 4010 if a treating physician, who performed testing in the absence of a third party, "will be offering opinion testimony at trial for which an expert opinion must be filed that makes any reference to

the testing." *Rotunda v. Petruska*, No. GD 08-018798, (Allegheny Co. Pa. Com. Pl. January 13, 2011).

Trial Court Discretion as to Protective Orders

Pa.R.C.P. 4012(a) provides in pertinent part "upon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense..." The rule includes "discovery or deposition shall be conducted with no one present except persons designated by the court." Pa.R.C.P. 4012(a)(6). Importantly, an explanatory comment addressing the 1978 amendment to the rule discusses the expansion to "provide a comprehensive rule which covers all depositions and discovery." Pa.R.C.P. 4012

Pennsylvania case law provides that "a trial court must oversee discovery between the parties and therefore it is within that court's discretion to determine the appropriate measure necessary to insure adequate and prompt discovering of matters allowed by the Rules of Civil Procedure." *Stern v. Vic Snyder, Inc.*, 473 A.2d 139, 146 (1984). With respect to the court's role in granting a protective order, the Superior Court of Pennsylvania recognizers that "there are no hard-and-fast rules as to how a motion for a protective order is to be determined by the court. Whether to grant or deny the motion, and what kind or kinds of protective orders to issue are matters that lie within the sound judicial discretion of the court..." *Hutchison v. Luddy*, 606 A.2d 905, 908 (1992) citing *Allegheny West civic Council, Inc. v. City council of the*

*City of Pittsburgh*, 86 Pa. Commw. 308, 314, (1984).

## LEGAL ANALYSIS

Limitations of Rule 4010

Holdings by other Pennsylvania common pleas courts suggest that the rights afforded by Rule 4010 are not absolute. The few cases that have addressed Rule 4010 do little more than confirm the clear language of the rule. *Romagnoli*, 1514 of 2011 at 2 (holding that the specific, clear words and phrases of the rule leave little to be disputed). However, a recent case cited in the parties' briefs, *Rotunda v. Petruska*, acknowledges an exception to Rule 4010. As the defendant correctly notes, subsequent to the December 3, 2010 decision, the defendant in that case motioned for reconsideration. In a January 14, 2011 memorandum and order addressing the defendant's motion, Judge Wettick states:

> "I would find merit to the defendant's position if plaintiff had retained an expert who will be basing opinions on testing which this expert performed that is the same that the defendants seek to perform…if the treating physician will be updating the prior neuropsychological testing or offering opinion testimony at trial for which an expert opinion must be filed that makes any reference to the testing, the exception to Rule 4010 that I described will be applicable." *Id.* at 1 & 2.

This court finds the exception addressed by Judge Wettick to be persuasive. If the rights afforded by Rule 4010 were deemed absolute in a situation described by Judge Wettick, the opposing party would be prejudiced and unable to conduct adequate discovery. If the treating

physician will be updating the prior neuropsychological testing or offering opinion testimony at trial for which an expert opinion must be filed that makes any reference to the testing, fairness demands that both parties be allotted the same opportunity to conduct discovery. Therefore, the exception must be applied so that a party does not abuse the rights afforded by Rule 4010.

Instantly, the plaintiff underwent a neuropsychological evaluation with Dr. Harvey after filing this suit. In issuing a report following his evaluation, defendant argues that Dr. Harvey opines as to the causal connection. Specifically, defendant points to Dr. Harvey stating:

"Overall, these test results indicate that to a reasonable degree of neuropsychological certainty, Mrs. Marion has a post-concussive disorder that stems from her motor vehicle accident of 7/30/2011." (Defendant's supplemental memorandum for a protective order regarding neuropsychological examination page 5)

It is the argument of the defendant that Dr. Harvey has addressed issues beyond the scope of a treating physician; namely, the legal cause. *Id.* Moreover, the plaintiff intends to present opinion testimony solely on the testing conducted by Harvey. *Id.* As such, plaintiff intends to offer opinion testimony regarding the testing conducted in the absence of a third party. *Id.* Thus, the defendant contends that these circumstances are analogous to the exception discussed by Judge Wettick. We agree.

Plaintiff relied on Dr. Harvey's neuropsychological examination during much of the hearing on defendant's motion for a protective order. Throughout the hearing, plaintiff referenced and provided a copy of Dr. Harvey's

report to defendant's expert witness, Dr. King. Numerous times plaintiff recommended that Dr. King accept the data acquired by Dr. Harvey. The fact that plaintiff believes Dr. Harvey's report and data would be sufficient for the opposing party's expert witness, along with the language used in the report, leads this court to believe the plaintiff will likewise be using Dr. Harvey's report and opinion at trial. As such, Dr. Harvey will likely render opinion based on the neuropsychological testing which goes beyond a treating physician. Therefore, the facts surrounding the present case are precisely what Judge Wettick refers to as an exception to Rule 4010.

Applicability of Rule 4012

In addition to meeting the exception identified by Judge Wettick, the applicability of Rule 4012 comes from a number of other sources. The first source is an explanatory comment addressing the 1978 amendment of the rule. The note states "the amendment provides a comprehensive Rule which covers *all* depositions and discovery." Pa.R.C.P. 4012 (Emphasis added) Being that both Rule 4010 and 4012 are part of the same subchapter, depositions and discovery, and the fact that the issue before the court is that of discovery, Rule 4012 applies.

The application of the rules themselves are to be "liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.C.P. 126 Along with the liberal application of the rules, the Superior Court of Pennsylvania has held that trial courts are free to make a determination as to whether granting a protective order is proper. *Stern*, 473 A.2d at 146; *Hutchison*, 606 A.2d at

908. Thus, it is well within this court's discretion to apply Rule 4012 in the present case.

Defendant Meets Burden

Pursuant to Pa.R.C.P. 4012, the moving party bears the burden of showing "good cause." Moreover, Rule 4012 only permits relief upon the showing of good cause. Pa.R.C.P. 4012.

Here, defendant's expert witness, Dr. King, concurred that the presence of a third party during an examination is contrary to the accepted protocol of neuropsychologist and would render invalid results. Dr. King was the sole witness to provide testimony during the hearing, and his testimony stood unrebutted.

According to Dr. King, the presence of a third party or a recording of the examination would cause distractions and, thus, invalidate results. Dr. King further testified that he has never administered a neuropsychological examination in the presence of a third party attorney, nor is he familiar with any research of valid results of an examination with a third party present. Adding to the credibility and persuasiveness of Dr. King's testimony is the fact that other psychologists have noted the presence of a third party during a neuropsychological examination is not standard and poses the risk of rendering invalid results.[1] Finally, Dr. King notes that ethical issues would

---

1. *Leporace v. Mechanick*, 06-08098, 2010 WL 5860734 (Montgomery Co. Pa. Com. Pl. May 26, 2010). Following a neuropsychological examination performed by Dr. Steven Samuel in the presence of plaintiff's counsel and two court reporters, he issued a report which contained the following relevant statements:

(1) "I indicated to Mr. Baratta (plaintiff's counsel) that having him, and the stenographer, present, during the neuropsychological testing administration, represented a non-standardized administration of the

arise if the presence of a third party were allowed. In order to obtain valid results, Dr. King concluded that the examination must be conducted one-on-one with just Dr. King and Amanda Marion present.

The question of whether "good cause" exists ultimately falls within the discretion of the court. *Pennington*, 32 Pa. D. & C. 4th at 78; Stern, 473 A.2d at 146; *Hutchison*, 606 A.2d at 908. After reading the parties briefs and hearing arguments and review of the appropriate testimony of the defendant's expert witness, this court believes the defendant has met their burden. In order to accommodate both Pa.R.C.P. 4010 and 4012, this court will allow the plaintiff's counsel or their designated representative to be present during the first two components of the neuropsychological examination involving a review of the plaintiff's records, medical history, and other background information. However, once standardized testing begins and until it has concluded, the presence of a third party is precluded. The standardized testing shall be conducted with just Dr. King and Amanda Marion present in the examination room. Moreover, audio or video recording of the standardized testing is also strictly prohibited.

This court is confident that these accommodations are consistent with the Pennsylvania Rules of Civil Procedure and Pennsylvania case law. It follows that defendant's appeal from the special trial master's order denying defendant's request for a protective order is granted in part and denied in part. An appropriate order follows.

tests; therefore, I would not agree to this condition."

(2) "The presence of any third party during a neuropsychological testing evaluation poses a serious risk to the conduct of a valid evaluation."

## ORDER

And now, this 15th day of August, 2013 following the April 23, 2013 hearing on the motion of the defendant, Motorist Mutual Insurance Company, for a protective order to exclude third parties from the administration of the standardized testing during the neuropsychological examination it is hereby ordered as follows:

1. Plaintiff may be accompanied by counsel or their designated representative during the first two components of the neuropsychological examination involving a review of the plaintiff's records, medical history, and other background information.

2. The standardized testing portion of the neuropsychological examination shall be administered without the presence of a third party.

3. Any audio or video recording of the standardized testing is also strictly prohibited.