(November 25, 1908.)

JOHN CRONAN, Plaintiff, v. THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT, and W. W. WOODS, Judge, Defendants.

[98 Pac. 614.]

ORIGINAL PROCEEDINGS IN SUPREME COURT—COSTS—MOTION TO TAX.

1. In original proceedings in this court, presented upon a typewritten complaint or petition, the successful party is not entitled to recover seventy-five cents per page allowed by the rules of this court for printing transcripts, as it is the duty of the plaintiff in such proceedings to present his complaint or petition in some proper or legible form, and the rule in regard to printing the transcript does not apply in such cases.

2. The successful party is not entitled to recover for the fee paid the clerk of the district court for certifying certain papers that he desires to attach to his complaint or petition, at least until after opposing counsel has denied the correctness of such copies.

3. It has been the custom in this court to receive typewritten briefs in all original proceedings. That being true, in this case it was not necessary to have the brief printed, and the cost of such brief is not a necessary disbursement, and therefore cannot be taxed as a part of the costs in the case.

(Syllabus by the court.)

A motion to tax costs in an original proceeding in this court.

E. R. Whitla, for Defendant, on motion to tax costs.

In a matter of this kind the preparing of the plaintiff's petition or application is no more chargeable against the de-

fendants than would be the salary of a stenographer employed by the plaintiff's attorneys in doing this work, as this is exactly what such an allowance would amount to. Such expenses are not chargeable as costs. (*In re Bell's Estate,* 145 Cal. 646, 79 Pac. 358; *McDonald v. Burke,* 3 Ida. 266, 35 Am. St. Rep. 276, 28 Pac. 440; *Sorenson v. Donahoe,* 12 S. D. 204, 80 N. W. 179; *Young v. Hughes,* 39 Or. 586, 65 Pac. 987, 66 Pac. 272; 11 Cyc. 232; *Ferguson v. Byers,* 40 Or. 468, 67 Pac. 1115, 69 Pac. 32; *Brown v. Winehill,* 4 Wash. 98, 29 Pac. 927.)

Stenographers' fees are not taxable as costs in the absence of a statute authorizing the same. (11 Cyc. 125; *Givens v. Veeder,* 9 N. M. 405, 54 Pac. 879; *Bringgold v. City of Spokane,* 19 Wash. 333, 53 Pac. 368; *Tingley v. Bellingham Bayroom Co.,* 5 Wash. 644, 32 Pac. 737, 33 Pac. 1055.)

It is not necessary in an original action to print a brief. Unless a printed brief is required it is not a proper item of costs. (*Griffith v. Montandon,* 4 Ida. 75, 35 Pac. 704; 11 Cyc. 229; *Ingwaldson v. Skrivseth,* 8 N. D. 544, 80 N. W. 475; *Black v. Minneapolis & N. Elevator Co.,* 8 N. D. 96, 76 N. W. 984.)

John M. Flynn, for Plaintiff, on motion to tax costs, cites no authorities.

SULLIVAN, J.—This is a motion to tax costs. This was an original proceeding in this court for a writ of prohibition. After the case was decided, the plaintiff filed his memorandum of costs and disbursements, as follows:

Printing record in proceeding. 175 pages at
    75 cents per page .................$131.25
Fees clerk district court certifying record..  10.00
Fees clerk supreme court.................  31.30
Briefs, 40 pages, at 75 cents per page......  30.00
Paid to C. A. Libby, court reporter, for
    transcript of testimony of Ezra R.
    Whitla on motion to vacate order appointing receiver ....................  14.00

              Total...................$216.55

The petition for the writ contained about 175 pages of typewritten matter and was charged for in said memorandum of costs at the rate of 75 cents per page, the compensation allowed by the rules of this court for printed transcripts. It is the duty of the plaintiff in an original proceeding in this court to present his complaint or petition in a proper and legible form, and the rule providing for the printing of transcripts does not apply to original proceedings brought in this court. Therefore, the item of the cost bill for $131.25 must be stricken therefrom and not allowed.

The second item of the cost bill is for fees paid the clerk of the district court for certifying the record, $10. This should not be allowed for the reason that in such proceedings as the one at bar, the party presenting them may make a copy of any record or paper and attach it and make it a part of such pleading without having the certificate of the proper officer thereto, and if the defendant thereafter denies that such a paper is a true copy, then the certificate of the proper officer may be presented. That item must not be allowed.

The third item is for $31.30, fees paid clerk of the supreme court. That item is not contested and is a proper item to be allowed.

The next item is for $30 for printing a 40-page brief. It has been the custom of this court to receive typewritten briefs in all original proceedings. That being true, this was not a necessary item of cost and disbursement, as this court would have received a typewritten brief in the place of the printed one, and the printing of the brief was not necessary and said item will not be allowed.

The next item is $14 paid to the court reporter for the transcript of the testimony of a witness who testified on the hearing of the motion to vacate the order appointing the receiver. That was not a necessary disbursement and is not allowed. The plaintiff in this proceeding could have alleged what the testimony of the witness was, and it was not necessary to procure a transcript of the reporter's notes for that purpose.

At common law costs were not recoverable *eo nomine.* Costs can therefore be recovered only in cases where there is statutory authority therefor. The power to impose costs must then be found in some statute or some rule of court in which the legislature had given the power in general terms to the court to make rules and orders in regard thereto. (11 Cyc. 24.) The cost items above disallowed are not provided for by statute or rule of court, hence cannot be recovered.

The conclusion we therefore reach is that the item of $31.30 must be allowed and taxed as costs, and all of the other items of said cost bill are disallowed.

Costs of this proceeding awarded to defendant.

Ailshie, C. J., concurs.


STEWART, J., Dissenting.—I dissent from that part of the opinion of the majority of this court which holds that the item of $30 for printing a 40-page brief was not a necessary item of costs and disbursements, and which the plaintiff cannot have taxed as costs. Sec. 4900, Rev. Stat., provides that "parties to actions or proceedings are entitled to costs and disbursements as hereinafter provided." Sec. 4901 provides: "Costs are allowed of course to the plaintiff, upon a judgment in his favor, in the following cases: . . . . In a special proceeding." These statutes do not provide for the allowance of costs and disbursements in the district court only, but do provide for the allowance of costs and disbursements generally. The allowance of costs, according to the statute, is governed entirely by the character of the action and is not limited to the court in which the action is brought. In my opinion it was the intention of the statute to allow costs in special proceedings, whether such proceedings be instituted in the district or supreme court. The supreme court, having jurisdiction in certain special proceedings, and the statute providing that costs should be allowed in such proceedings, seems to me to authorize costs in such proceedings, whether brought in the district or supreme court.

Judgment was rendered in this case for the plaintiff, and under the statute he was entitled to his costs. Sec. 4912. Rev. Stat., provides: "The party in whose favor the judgment is rendered, and who claims his costs, must deliver to the clerk within five days after the verdict or notice of the decision of the court or referee, a memorandum of the items of his costs and necessary disbursements in the action or proceeding." This the plaintiff did in this case, and made affidavit to the item that he necessarily expended in said proceeding the sum of $30 for printing his brief. The majority opinion says, "It has been the custom in this court to receive typewritten briefs in all original proceedings," and that it was not necessary for the plaintiff to print his brief. In my judgment, this is no reason at all. This court has not adopted any rule which informed the plaintiff, or plaintiffs generally, that the printing of briefs was not a necessary or proper disbursement in presenting plaintiff's case in an original proceeding. If it is necessary, in order to present a case in an intelligible, clear and proper manner upon an appeal, to print a brief, why does the same necessity not exist in an original proceeding? Often the questions presented in an original proceeding are of the most importance, and, in comparison to the questions presented upon appeal, are of equal importance. The statute contemplates that in an original proceeding the plaintiff shall recover his costs, and when the plaintiff presents to this court an affidavit showing the necessity of the expense incurred by printing his brief, in order to present the case in a proper manner, before the court should disallow such claim, it should appear, either by the statute or a rule of this court, that such is not a legal charge as costs. The statute does not prohibit the allowance of such a charge as costs, but, upon the contrary, evidently contemplates that such charge shall be allowed. The rules of this court do not prohibit the taxation of such item as costs, and when counsel have in good faith prepared their case by having their briefs printed, in my judgment it is unfair and an arbitrary rule which says it was not necessary, and denies the right to have such ex-

penditure taxed as costs where plaintiff recovers a judgment.

Special proceedings have been brought in this court in many instances in which printed briefs have been submitted, and at no time has this court ever intimated or declared that such expenditure was an unnecessary expense. If this expense is unnecessary, then this court should so declare by a proper rule, and specify that typewritten briefs might be submitted in all original proceedings, and until the court does so declare, where counsel have deemed it necessary to present their case, to print the brief, and have acted in good faith and within proper limitations as to costs, in my judgment the same should be allowed as a proper item of costs in such proceeding. For these reasons, I dissent from the majority opinion upon this particular question.