(August 1, 1924.)

## T. V. ENGLISH, Respondent, v. MRS. H. M. KING, Appellant.

[228 Pac. 325.]

ATTORNEY FEE—ERRONEOUS ALLOWANCE—INTEREST ON UNLIQUIDATED CLAIM FOR DAMAGES—CORRECTION OF JUDGMENT.

1. In an action to recover money loaned, where there was no stipulation between the parties for an attorney fee in case of suit, the allowance of such fee was error.

2. Error in respect to allowance of interest on amounts awarded by judgment reviewed and judgment modified accordingly.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. A. H. Featherstone, Judge.

Action on account stated and for money loaned. Judgment for plaintiff. *Modified* and *affirmed.*

Lester S. Harrison and James A. Wayne, for Appellant.

The matter of attorneys' fees is left to agreement between attorney and client, and they are not properly assessed against the losing party except when allowed by statute, or provided for by a written agreement. (C. S., sec. 6576; *Jenkins v. Commercial National Bank,* 19 Ida. 290, 113 Pac. 463.)

To entitle the plaintiff in a mortgage foreclosure suit to recover attorney's fees, he must show: (a) that by said mortgage the mortgagor contracted to pay attorneys' fees of the mortgagee in case of foreclosure; (b) that the plaintiff has agreed to pay his counsel a fixed or a reasonable sum for his services, and (c) the reasonableness of the fees claimed. (*Broadbent v. Brumback,* 2 Ida. 336, 16 Pac. 555; *Porter v. Title G. & C. Co.,* 17 Ida. 364, 106 Pac. 299, 27 L. R. A., N. S., 111; *Lewis v. Sutton,* 21 Ida. 541, 122 Pac. 911.)

Fred D. Crane and W. H. Hanson, for Respondent, cite no authorities.

McNAUGHTON, District Judge.—This is a suit on two causes of action. The first is on an alleged account stated, dated July 20, 1920, in the sum of $1,283.08 and other items, and it is claimed these amounts were secured by the pledge of an automobile. The second cause of action is for an alleged indebtedness of $200, to secure which it is claimed a diamond ring was pledged.

Defendant, after denying the allegations of the complaint, sets up four counterclaims by way of cross-complaint. Only two of these need be considered. In one she claims $500 on account of furniture sold the plaintiff; in the other she claims plaintiff got possession of the automobile involved and exchanged its engine, to her damage in the sum of $1,500.

The court found for the plaintiff generally, but also found that defendant was entitled to a credit of $150 on her claim for furniture sold, and that plaintiff in exchanging the engine in the automobile had damaged defendant $170, and reduced the item of account stated in that amount.

The furniture was sold in May, 1921. The defendant was entitled to interest on this amount from May, 1921, to the day of trial, at seven per cent amounting to $17.50; but the court overlooked allowing this interest when he computed the judgment.

The court awarded an attorney's fee of $200 and included it in the judgment in the second cause of action. There was no stipulation between the parties for an attorney's fee in case of suit or action, and this allowance, therefore, was erroneous.

In the assignment of errors the appellant claims that a payment to the plaintiff in the sum of $125 in cash was not deducted, but it appears from the transcript of the judgment that this item was deducted from the amount due plaintiff as of the day of payment.

Appellant claims that there was no testimony contradicting the testimony of appellant to the effect that the alterations in the automobile damaged it to the extent of $900, but the transcript shows that on direct examination the plaintiff testified that the difference between the engines in question was not more than $200, and on cross-examination that by the alteration the automobile was not damaged more than $200. The court allowed appellant $170 on account of this damage, and in regard to this item appellant claims error also in not allowing interest on the same. From the judgment it appears the court deducted this amount from the amount of the account stated, which, of course, was equivalent to the allowance of interest from July 20, 1920, to date of trial. This amounted to an allowance of $30.70 as interest on an unliquidated claim for damages, which interest is not claimed in the complaint and is not allowable in an ordinary damage action such as is set forth in this cross-complaint. We think, however, the court based the decision as to the amount of damage on plaintiff's testimony, which was that the car was not damaged more than $200. It would have been better practice to figure interest on the account stated to the date of trial and then subtract the amount of the damage, to wit, $200, instead of reducing the account stated $170 and allowing interest only on the balance. However, the effect of the judgment is the same as it would be had $200 been deducted from the amount due plaintiff on the day of trial.

We therefore conclude that through oversight the trial court neglected to deduct from the amount due plaintiff $17.50 on account of interest due the defendant under the findings, and that the court erroneously included $200 for attorney's fees in the second cause of action; but we find no error which will necessitate a new trial. It is therefore ordered that the judgment in the first cause of action be reduced in the amount of $17.50; that the item of $200 for attorney's fees be stricken from the conclusions of law on the second cause of action and the judgment thereon be re-

duced in that amount, and that with said modifications the judgment be affirmed.

On account of the erroneous inclusion of attorney's fees costs of this appeal are awarded to appellant.

McCarthy, C. J., and Budge and William A. Lee, JJ., concur.