531 P.2d 1179

**KIDWELL & HEISER, a partnership, Plaintiff-Appellant,**

v.

**Roy FENLEY, an Individual, Defendant-Respondent.**

**No. 11647.**

Supreme Court of Idaho.

Feb. 21, 1975.

Peter E. Heiser, Jr., Kidwell & Heiser, Boise, for plaintiff-appellant.

No appearance for defendant-respondent Roy Fenley.

PER CURIAM:

This case presents the question of whether an attorney who brings suit against a client to recover unpaid attorney fees owed to him by the client may also recover reasonable attorney fees for bringing that action.

Defendant-respondent Roy Fenley was represented by the law firm of plaintiff-appellant, Kidwell & Heiser, a law partnership. Fenley was billed for the services the partnership had performed for him, but he never paid any of the amount due. Kidwell & Heiser brought suit against him, praying for judgment in the amount of the unpaid attorney fees, costs and for attorney fees for bringing the suit. The trial court allowed the first two items, but disallowed the attorney fees. This appeal was taken with respect to the attorney fees.

Since the early case of Jenkins v. Commercial National Bank, 19 Idaho 290, 113 P. 463 (1911), and as recently as Mecham v. Nelson, 92 Idaho 783, 451 P.2d 529 (1969), this Court has adhered to the rule that a successful litigant is not entitled to recover attorney fees for the cost of bringing an action unless such recovery is provided by statute or contract between the parties. *See also* National Motor Service Co. v. Walters, 85 Idaho 349, 379 P.2d 643 (1963); Financial Credit Corp. v. Douglas, 71 Idaho 312, 230 P.2d 1002 (1951); English v. King, 39 Idaho 531, 228 P. 325 (1924). There is dicta in Jenkins v. Commercial National Bank, *supra*, indicating that there are exceptions in which the court may award attorney fees other than those provided by statute or agreement. Appellant suggests that this Court should expand the exception to make it the general rule. However, assuming that we have such authority, we do not deem this to be the appropriate case in which to exercise it and award attorney fees.

Judgment affirmed. Respondent not appearing, no costs are allowed.