783 P.2d 320

**CHITTENDEN & EASTMAN CO., a corporation, Plaintiff–Respondent,**

v.

**H. Larry LEASURE, an individual, Defendant–Appellant.**

**No. 17952.**

Court of Appeals of Idaho.

Dec. 1, 1989.

Givens, Pursley, Webb & Huntley, Boise, for defendant-appellant. Michael T. Spink argued.

Ellis, Brown & Sheils, Chartered, Boise, for plaintiff-respondent. Francis P. Walker argued.

BURNETT, Judge.

The issues posed here are whether a guaranty agreement is ambiguous and, if so, whether the district court has properly ascertained the parties' underlying intent. To both questions, our answer is "yes."

The issues are framed by undisputed facts. Chittenden & Eastman Co., an Indiana furniture manufacturer, sold its products to a furniture retail outlet owned by Thomas Leasure in Sheridan, Wyoming. When the store encountered financial difficulties and fell behind in its payments, the manufacturer refused to send the store any more merchandise on credit. In an effort to obtain additional inventory for the store, Tom Leasure, together with his brother, H. Larry Leasure of Boise, flew to Indiana and met with the manufacturer. At the time of the meeting, the store owed the manufacturer nearly $30,000. The manufacturer agreed to provide more furniture only if Larry Leasure signed a personal guaranty on a form provided by the manufacturer. Leasure signed the document after amending it. He put an asterisk next to a paragraph which said the guaranty applied to all present and future indebtedness. The asterisk signalled a footnote, where Leasure added the following sentence: "This Guaranty covers indebtedness up to $15,000 in excess of $30,000." The manufacturer accepted the guaranty as amended.

Business relations resumed. The manufacturer sent the store additional furniture at a cost exceeding $12,000. Unfortunately, the store's financial difficulties continued. The store eventually went out of business and liquidated its inventory, leaving a residual debt to the manufacturer of nearly $40,000. The manufacturer then sued Larry Leasure on the guaranty. On a

motion for summary judgment, the district court held the guaranty to be ambiguous. The judge said that the meaning of "$15,-000 in excess of $30,000" was unclear. Accordingly, the judge conducted a bench trial on the issue of the parties' intent. Following the trial, the judge found in favor of the manufacturer, construing the guaranty to encompass an indebtedness up to $45,-000. Leasure filed this appeal.

■ The threshold question is whether the guaranty is ambiguous, as the district court held. The existence of ambiguity presents a question of law, subject to free review. *Clearwater Minerals Corp. v. Presnell,* 111 Idaho 945, 948, 729 P.2d 420, 423 (Ct.App.1986). A contract provision is ambiguous if it is reasonably subject to varying interpretations. *Laight v. Idaho First Nat'l Bank,* 108 Idaho 211, 213, 697 P.2d 1225, 1227 (Ct.App.1985). Here Leasure contends that "$15,000 in excess of $30,000" describes a guaranty which is limited to $15,000 and which relates only to that part of the indebtedness which exceeds $30,000. The manufacturer contends that the quoted language, when read together with the guaranty's reference to all present and future indebtedness, embraces a $30,000 debt and any additional debt up to $15,000. Our examination of the document leaves us pondering more than one reasonable interpretation. Indeed, it is difficult to ascribe any single, cognate meaning to the cryptic phrase, "$15,000 in excess of $30,000," without resorting to some extrinsic facts about the underlying transaction. Therefore, we agree with the district court that the guaranty instrument is ambiguous.

■ The next question is one of intent. The object in construing an ambiguous contract is to determine the intention of the parties, which may be gleaned from circumstances surrounding formation of the contract. *See Luzar v. Western Surety Co.,* 107 Idaho 693, 692 P.2d 337 (1984). Intention is a question of fact. *International Engineering Co., Inc. v. Daum Industries, Inc.,* 102 Idaho 363, 630 P.2d 155 (1981). The trial court's finding on that question will not be set aside on appeal

unless it is clearly erroneous. *Newman v. Associated Systems, Inc.,* 107 Idaho 922, 924, 693 P.2d 1124, 1126 (Ct.App.1985).

In this case, after hearing the evidence at the bench trial, the judge determined that the guaranty was intended by the parties to embrace up to $45,000—$30,000 that the store already owed the manufacturer, and up to $15,000 in additional inventory purchases. The court found that the manufacturer had declined to extend any additional credit to the store without Larry Leasure's personal guarantee of existing and future debt. The court noted that the footnote Leasure added to the guaranty instrument did not eliminate or replace the paragraph which referred to an existing debt; rather, the court found, it created a $15,000 limit of liability on additional credit extended. Upon the record before us, we hold that the judge's interpretation of the agreement, based on a finding of the parties' intent, was not clearly erroneous. It will not be disturbed.

The manufacturer has requested an award of attorney fees on appeal. It received such an award in the district court, in light of the following provision in the guaranty agreement: "If any claim against the Guarantor(s) or Purchaser or both is referred to any attorney for collection, then the Guarantor(s) shall pay 15% (fifteen percent) of the amount of the claim as attorney's fees." The district court's award exhausted this 15% contract limit. Indeed, due to a miscalculation, the award somewhat exceeded the limit, but no issue in that regard has been raised in this appeal.

■ We have considered the possibility of a statutory award. The subject matter of this case might bring it within I.C. § 12–120. However, that statute simply gives the prevailing party a general entitlement to an award of reasonable attorney fees. In our view, it does not override a valid agreement between the parties specifically limiting the dollar amount that may be claimed and awarded. We have no occasion to decide whether such an agreement might yield to another fee-award statute, I.C. § 12–121, which embodies a public policy of discouraging frivolous litigation, be-

cause we hold that the appeal in this case was not frivolous. Neither was it taken unreasonably or without foundation. We conclude that no attorney fees will be awarded.

The judgment of the district court is affirmed. Costs (exclusive of attorney fees) to the respondent, Chittenden & Eastman Co.

WALTERS, C.J., and SWANSTROM, J., concur.