836 P.2d 511

**FARM CREDIT BANK OF SPOKANE, a corporation; and Terry L. Ketterling and Linda K. Ketterling, husband and wife, Plaintiffs-appellants,**

v.

**John WISSEL and Clinton Wissel, individuals; and W.W. Farms, Inc., a corporation, Défendants-respondents.**

No. 19118.

Supreme Court of Idaho,
Boise, February 1992 Term.

June 11, 1992.

Rehearing Denied Sept. 30, 1992.

Ellis, Brown & Sheils, Chartered, Boise, for plaintiffs-appellants. Stephen C. Brown, argued.

Ringert, Clark, Harrington, Reid, Christenson & Kaufman, Boise, for defendants-respondents. Andrew M. Harrington, argued.

BAKES, Chief Justice.

This is an appeal from the trial court's denial of plaintiffs' request for costs and attorney fees.

Prior to 1988, Farm Credit Bank of Spokane (FCB) took a first mortgage on a 1200 acre farm owned by Gem Mountain Farms, Inc. Gem Mountain had leased the farm to John and Clinton Wissel (Wissel), who farmed the land through their family corporation, W.W. Farms, Inc. Gem Mountain defaulted on its loan to FCB, and on December 28, 1988, delivered a deed to FCB in lieu of foreclosure. Gem Mountain also assigned its lessor's interest in the Wissel lease to FCB. On December 30, 1988, the Wissels, as lessees, signed a document entitled "Notice of Assignment and Declaration of Interest," in which they acknowledged the assignment of Gem Mountain's lessor's interest to FCB and certified that:

> The lease is in full force and effect ..., [that] there have been no changes or modifications to the lease.... The copy of the lease attached hereto is a true, correct and complete copy thereof, and except for said leasehold interest, *which now expires November 30, 1989,* Lessees disclaim any right, title or interest in and to all the real property described therein.... *The term of this lease expires on November 30, 1989, and that after such date, Lessees agree to vacate the premises and agree that there are no agreements to extend, renew, release or otherwise allow Lessees to remain in possession of the premises after November 30, 1989.* (Emphasis added.)

Thereafter, in May, 1989, FCB sold the farm to Terry and Linda Ketterling (Ketterling). FCB's deed to the Ketterlings, dated September 13, 1989, warranted possession of the property as of December 1, 1989, the day following the expiration of the Wissel lease. However, despite the fact that the Wissels had certified in the notice of assignment that their lease expired on November 30, 1989; that there were no agreements to extend the lease;

and that they had agreed to vacate the premises on November 30, 1989, the Wissels informed FCB and the Ketterlings in September, 1989, that they would not give up possession on November 30, 1989, nor would they allow the Ketterlings to do fall plowing as the lease provided, and that they intended to farm the property in 1990.

As a result, FCB and the Ketterlings filed a complaint and an application for preliminary injunction against the Wissels. In their complaint, the plaintiffs sought the following relief: (1) possession of the property at the expiration of the lease; (2) limited possession of the property prior to expiration of the lease in order to do fall work on the land;[1] (3) a temporary injunction preventing the Wissels from interfering with their right to possession of the farm to do fall work and their right to possession at the expiration of the lease; (4) a conditional claim for damages in the event that the property was unavailable for farming during the 1990 growing season, including any loss due to the inability to do fall work; and (5) costs and attorney fees.

Defendants counterclaimed against FCB, again declaring a right to retain possession after November 30, 1989, and seeking a dismissal of plaintiffs' complaint and damages if the plaintiffs prevailed in obtaining possession, costs and attorney fees.

On November 21, 1989, the trial court denied plaintiffs' application for preliminary injunction for possession. However, on February 7, 1990, the court granted plaintiffs' motion for partial summary judgment, granting them possession of the property. Subsequently, the parties stipulated to a dismissal of the plaintiffs' conditional damage claim and the defendants' counterclaim. Nothing in the stipulation referred to any party's entitlement to costs and attorney fees.

Both parties then moved for an award of costs and attorney fees, and both objected to an award against them. The trial court denied both parties' requests, finding that

---

**1.** The farm lease provided that, in the final year of the lease, the lessor, or its assigns, could come onto the farm immediately after harvest in the fall to prepare the land for the next farming year.

under I.R.C.P. 54(d)(1)(B) there was no prevailing party.[2] The trial court stated:

> The relief initially sought by plaintiffs was the immediate possession of the farmland.... Defendant prevailed on plaintiffs' attempt to obtain possession by a preliminary injunction. A counterclaim and third party complaint were then filed seeking relief on various claims. Plaintiffs then presented the question of possession to the Court on summary judgment motion, and plaintiffs then prevailed in obtaining a partial summary judgment on the issue of possession. Subsequently, the parties all entered a stipulation whereby defendants prevailed on the claims for damages by each of the plaintiffs and the plaintiffs prevailed on the claims for damages by the defendants.
>
> It is therefore my conclusion that each of the parties hereto prevailed in part and did not prevail in part. Also, it would be fair and equitable for them to each pay their own costs and attorney fees.

Plaintiffs FCB and Ketterlings have appealed, arguing that the trial court erred in finding that they were not the prevailing party and in not granting costs and attorney fees based upon the terms of the lease.

The scope of the trial court's discretion in determining who is the prevailing party, for the purpose of assessing costs under I.R.C.P. 54(d)(1), was reviewed recently in *Stewart v. Rice*, 120 Idaho 504, 817 P.2d 170 (1991). In *Stewart*, a ski instructor brought an action against another skier for injuries sustained in a collision which allegedly resulted in a broken scapula and epileptic seizures. At trial, the plaintiff presented evidence of more than $21,000 in medical expenses and requested $500,000 in general damages. However, the jury only returned a verdict of approximately $4,500. Nevertheless, the plaintiff argued that she was the prevailing party and entitled to costs under I.R.C.P. 54(d)(1). The trial court found that most of the trial was taken up with plaintiffs' claim for damages for the epileptic episodes, and because the jury did not award any damages based on the epileptic episodes but only for the broken scapula, the defendant prevailed upon that issue and therefore the plaintiff was not the prevailing party in the case for the purpose of the award of costs under I.R.C.P. 54(d)(1). On appeal we upheld the trial court's denial of costs under I.R.C.P. 54(d)(1) based on the trial court's finding that there was no prevailing party, stating that "I.R.C.P. 54(d)(1)(B) specifically directs the trial court, in exercising its discretion, to consider *the result in relation to the relief sought* in determining who the prevailing party is." 120 Idaho at 510, 817 P.2d at 176 (emphasis added).

In this case, the plaintiffs filed an application for a preliminary injunction on September 9, 1989, to prevent the defendants from interfering with their right to possession to do fall work and to obtain total possession of the premises when the lease expired on November 30, 1989. The plaintiffs' complaint also sought damages. The trial court denied the preliminary injunction on November 21, 1989. After the lease expired on November 30, 1989, the plaintiffs brought a motion for summary judgment on the issue of possession, which the trial court granted on February 7, 1990. Plaintiffs subsequently stipulated to a dismissal of their remaining claim for damages in return for a dismissal of defendants' counterclaim. Based upon this

2. **Rule 54(d)(1). Costs—Items allowed.—**(A) Parties Entitled to Costs. Except when otherwise limited by these rules, costs shall be allowed as a matter of right to the prevailing party or parties, unless otherwise ordered by the court.

(B) Prevailing Party. In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties, whether there were multiple claims, multiple issues, counterclaims, third party claims, cross-claims, or other multiple or cross issues between the parties, and the extent to which each party prevailed upon each of such issue or claims. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

record, the trial court concluded that "each of the parties hereto prevailed in part and did not prevail in part."

■ The determination of who is the prevailing party, if anyone, is within the trial court's discretion, and this Court will not disturb the trial court's decision unless there is an abuse of discretion. *Stewart v. Rice, supra; Gilbert v. City of Caldwell*, 112 Idaho 386, 732 P.2d 355 (Ct.App.1987). Our analysis of whether or not a trial court has abused its discretion includes: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of this discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power*, 119 Idaho 87, 803 P.2d 993 (1991). We conclude that the trial court did not abuse its discretion in determining that, for the purpose of awarding costs under I.R.C.P. 54(d)(1)(B), neither party prevailed in this litigation.

The plaintiffs' complaint also requested attorney fees and costs under the terms of the farm lease.[3] The farm lease executed by the Wissels provided:

> In the event that the Lessor does find it necessary to bring suit or action under the terms of this lease, then the Lessee hereby agrees to pay the Lessor's reasonable attorney fees and costs of suit incurred in said suit or action.

Paragraph 12 of plaintiffs' complaint alleged that, "Under the Farm Lease, plaintiffs are entitled to their costs and reasonable attorney fees incurred in this action." Plaintiffs' prayer for relief requested possession, damages in the amount of $10,000, and for "plaintiffs' attorney fees as provided in paragraph 12 above."

Nothing in the language of Paragraph 12 of the lease requires that the lessor, in order to obtain attorney fees and costs, be a "prevailing party," as defined in I.R.C.P. 54(d)(1). *Cf. Burnham v. Bray*, 104 Idaho 550, 661 P.2d 335 (Ct.App.1983). The trial court made no finding regarding this contract claim in the plaintiffs' complaint. Under the lease provision, the only requirement for the award of attorney fees and costs is that the "lessor does find it necessary to bring suit or action under the terms of this lease," in which event, "the lessee hereby agrees to pay the lessor's reasonable attorney fees and costs of suit incurred in such suit or action." Whether the lessor found it necessary to bring suit or action is a subjective decision and standard on the part of the lessor, which must not be "prompted by caprice or bad faith." *Cf. Kramer v. Philadelphia Leather Goods Corp.*, 364 Pa. 531, 73 A.2d 385, 386 (1950) (a satisfactory service condition in a written contract of employment is to be judged by a subjective standard). In the *Kramer* case the Pennsylvania Supreme Court stated:

> [U]nder such a contract the test of adequate performance is not whether the person for whom the service was rendered ought to be satisfied, but whether he is satisfied, there being, however, this limitation, that any dissatisfaction on his part must be genuine and not prompted by caprice or bad faith.

■ The trial court did not address the right of FCB and the Ketterlings to attorney fees and costs under the contract provision in the lease, apparently concluding that its determination that there was no prevailing party for the purpose of awarding costs as a matter of right under I.R.C.P. 54(d)(1) precluded the necessity of making any analysis or findings regarding the contractual claim for attorney fees and costs. However, where there is a valid contract between the parties which contains a provision for an award of attorney

---

**3.** On appeal, plaintiffs argue that they were also entitled to attorney fees under I.C. § 6–324 and I.C. § 12–120(3). The plaintiffs did not assert these statutory claims in the district court, and we decline to address them on appeal. *State v. Martin*, 119 Idaho 577, 808 P.2d 1322 (1991).

Furthermore, these two statutes only allow attorney fees to the prevailing party. Since we uphold the trial court's decision that the plaintiffs are not the prevailing party, plaintiffs are not entitled to attorney fees under these two statutes.

fees and costs, the terms of that contractual provision establish a right to an award of attorney fees and costs.[4] *See Chittenden & Eastman Co. v. Leasure,* 116 Idaho 981, 982, 783 P.2d 320, 321 (Ct.App.1989) (I.C. § 12–120, a statute giving a party a general entitlement to attorney fees, "does not override a valid agreement between the parties specifically limiting the dollar amount [to 15%] that may be claimed and awarded."); *Bank of Idaho v. Colley,* 103 Idaho 320, 647 P.2d 776 (Ct.App.1982).

■ We affirm the trial court's determination that there was no "prevailing party" for purposes of awarding costs under I.R.C.P. 54(d)(1). However, we vacate the trial court's order and remand the case to the trial court to specifically address FCB's and the Ketterlings' claim to attorney fees and costs pursuant to the express provision in the farm lease, set out above, and to make findings of fact and conclusions of law with regard to any entitlement on the part of plaintiff-appellants to fees and costs under that contractual provision. The two questions which the trial court must resolve are (1) whether appellants found it necessary to bring suit or action under the terms of this lease, and (2) whether the bringing of the suit or action was prompted by caprice or bad faith. *Kramer v. Philadelphia Leather Goods Corp., supra.*

The judgment of the trial court is vacated and the case remanded for further findings. Costs and attorney fees on appeal to abide the trial court's determination of appellants' entitlement to attorney fees and costs pursuant to the provision in the lease, to be fixed by the trial court.

BISTLINE and McDEVITT, JJ., and REINHARDT, J. Pro Tem., concur.

JOHNSON, Justice, concurring and dissenting.

I concur in that part of the Court's opinion affirming the trial court's determination that there was no prevailing party for purposes of awarding costs under I.R.C.P. 54(d)(1).

I respectfully dissent from that part of the Court's opinion in which the Court holds that it is not necessary for the lessor to be a prevailing party in order to obtain attorney fees and costs because of a clause in the lease.

First, not even FCB and the Ketterlings assert the view adopted by the Court on this issue. On appeal, FCB and the Ketterlings do not contend that they were entitled to attorney fees and costs under the terms of the lease if they were not the prevailing parties. In their brief, FCB and the Ketterlings contend:

> The written lease upon which plaintiffs obtained an order for possession contains the following term:
>
>> In the event that the lessor does find it necessary to bring suit or action under the terms of this lease, then the lessee hereby agrees to pay the lessor's reasonable attorney's fees and costs of suit incurred in said suit or action. (R., p. 20).
>
> When an award of attorneys fees is sought based on the terms of a contract,

---

4. While I.R.C.P. 54(d)(1) grants costs to a litigant who is a "prevailing party," this Court has held that we adhere to the so-called "American rule," which holds that, except for sanctions and the private attorney general doctrines, attorney fees are created only by statute or contract, and that Rule 54(e) neither creates a right to attorney fees, nor diminishes any right created by statute or contract. I.R.C.P. 54(e)(1)–(5); *Hellar v. Cenarrusa,* 106 Idaho 571, 682 P.2d 524 (1984); *Idaho Power Co. v. Idaho Public Util. Comm'n,* 102 Idaho 744, 750, 639 P.2d 442, 448 (1981) ("[A]ttorney fees cannot be recovered in an action unless authorized by statute or by express agreement of the parties. *Kidwell v. Fenley,* 96 Idaho 534, 531 P.2d 1179 (1975).").

I.R.C.P. 54(e)(5) provides that when attorney fees are allowable by statute or contract, the claim for attorney fees shall be "processed in the same manner as costs and included in the memorandum of costs; ...." Thus, if a statute or contract provision limits the award of attorney fees to a "prevailing party," the I.R.C.P. 54(d)(1) definition of "prevailing party" would be applicable. However, if the statute or contract sets forth a different standard, the determination of the award of attorney fees would be based upon the statutory or contractual standard, not the prevailing party standard of I.R.C.P. 54(d)(1). If the statute or contract contains no standard, then the "prevailing party" standard of I.R.C.P. 54(d)(1) would apply.

it is unnecessary for the prevailing party to meet the restrictive criteria for an award of attorneys fees contained in Rule 54(e)(1). See *Bank of Idaho v. Colley,* 103 Idaho 320, 336, 647 P.2d 776 (App.1982). Based upon the clear contractual term of this farm lease and *FCB's status as a prevailing party,* FCB was entitled to costs and attorney's fees.

Appellants' Brief 12 (emphasis added).

FCB and the Ketterlings argue only that they were entitled to costs and attorney fees because they were prevailing parties. It is inappropriate for the Court to address whether they are entitled to costs and attorney fees even if they are not prevailing parties. The issue was not presented by FCB and the Ketterlings.

In addition, even if the issue were properly before the Court, under the long-standing rules that this Court has followed, the lessor is not entitled to an award of attorney fees and costs unless the lessor is the prevailing party.

This is not a case in which FCB and the Ketterlings sought damages from the Wissels equal to their attorney fees and costs based on a breach of the clause in the lease providing for the payment of these amounts. This is a case in which FCB and the Ketterlings sought to have the trial court award costs and attorney fees to them under the statutes and rules of civil procedure of this state.

Blackstone gives the history of the award of costs at common law:

Thus much for judgments; to which costs are a necessary appendage; it being now as well the maxim of ours as of the civil law, that *"victus victori in expensis condemnandus est"* (he who loses the suit pays costs to his adversary): though the common law did not professedly allow any, the amercement of the vanquished party being his only punishment. The first statute which gave costs, *eo nomine* (by that name), to the defendant in a real action was the statute of Glouscester, 6 Edw. I, c. 1, as did the statute of Marlbridge, 52 Hen. III, c. 6, to the defendant in one particular case, relative to wardship in chivalry: though in reality costs were considered and included in the *quantum* of damages, in such actions where damages are given: and, even now, costs for the plaintiff are always entered on the roll as increase of damages by the court. But, because those damages were frequently inadequate to the plaintiff's expenses, the statute of Gloucester orders costs to be also added: and farther directs, that the same rule shall hold place in all cases where the party is to recover damages. And, therefore, in such actions where no damages were then recoverable (as in *quare impedit,* in which damages were not given till the statute of Westm. 2, 13 Edw. I), no costs are now allowed; unless they have been expressly given by some subsequent statute. The statute 3 Hen. VII, c. 10, was the first which allowed any costs on a writ of error. But no costs were allowed the *defendant* in any shape, till the statutes 23 Hen. VIII, c. 15, 4 Jac. 1, c. 3, 8 and 9 Wm. III, c. 11, 4 and 5 Ann. c. 16, which very equitably gave the defendant, if he prevailed, the same costs as the plaintiff would have had, in case he had recovered. These costs on both sides are taxed and moderated by the prothonotary, or other proper officer of the court.

2 W. Blackstone, Commentaries *399.

This history of the status of costs at the common law was summarized by the United States Supreme Court in 1851:

At first, by the common law, no costs were awarded to either party, *eo nomine* [by that name]. If the plaintiff failed to recover he was amerced *pro falso clamore* [a nominal emercement of a plaintiff for making a false claim]. If he recovered judgment, the defendant was *in misericordia* [quit of all amercements] for his unjust detention of the plaintiff's debt, and was not therefore punished with the *expensa litis* [costs or expenses of the suit] under that title. But this being considered a great hardship, the Statute of Gloucester, 6 Ed. I. c. 1, was passed, which gave costs in all cases when the plaintiff recovered damages.

This was the origin of costs *de incremento* [costs in addition to damages and nominal costs found by the jury]; for when the damages were found by the jury, the judges held themselves obliged to tax the moderate fees of counsel and attorneys that attended the cause. See Bac. Abr. tit. Costs.

*Day v. Woodworth,* 54 U.S. (13 How) 363, 370, 14 L.Ed. 181, 185 (1851).

I.C. § 73–116 provides:

The common law of England, so far as it is not repugnant to, or inconsistent with, the constitution or laws of the United States, in all cases not provided for in these complied laws, is the rule of decision in all courts of this state.

This Court has regularly applied this statute. *E.g., Evans v. Twin Falls County,* 118 Idaho 210, 215, 796 P.2d 87, 93 (1990); *State v. Iverson,* 79 Idaho 25, 28, 310 P.2d 803, 804 (1967).

In applying the common law to the subject of costs, this Court has said:

At common law costs were not recoverable *eo nomine.* Costs can therefore be recovered only in cases where there is statutory authority therefor. The power to impose costs must then be found in some statute or some rule of court in which the legislature had given the power in general terms to the court to make rules and orders in regard thereto. (11 Cyc. 24.)

*Cronan v. District Court,* 15 Idaho 462, 465, 98 P. 614, 615 (1908).

Before they were repealed in 1975 (1975 Idaho Sess. Laws, ch. 242, § 1, p. 652), the statutes in this state provided:

**12–101. Parties entitled to costs.**—Parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided.

**12–102. Allowance to plaintiff.**—Costs are allowed of course to plaintiff upon a judgment in his favor in the following cases:

1. In an action for the recovery of real property.

2. In an action to recover the possession of personal property where the value of the property amounts to $100 or over; such value shall be determined by the jury, court or referee by whom the action is tried.

3. In an action for the recovery of money or damages when the plaintiff recovers $100 or over.

4. In a special proceeding.

5. In an action which involves the title or possession of real estate, or the legality of any tax, impost, assessment, toll or municipal fine.

**12–104. Allowance to defendant.**—Costs must be allowed, of course, to the defendant upon a judgment in his favor in the actions mentioned in section 12–102, and in special proceedings.

Under these statutes, the court could award costs only to a party who received a favorable judgment.

In 1977, the present version of I.C. § 12–101 was enacted:

**12–101. Costs.**—Costs shall be awarded by the court in a civil trial or proceeding to the parties in the manner and in the amount provided for by the Idaho Rules of Civil Procedure.

1977 Idaho Sess. Laws, ch. 4, § 1, p. 9.

As the Court's opinion in this case notes, I.R.C.P. 54(d)(1)(A) provides:

Except when otherwise limited by these rules, costs shall be allowed as a matter of right to the prevailing party or parties, unless otherwise ordered by the court.

This history of costs at the common law, and the current status of I.C. § 12–101 and I.R.C.P. 54(d)(1)(A), cause me to conclude that there is no authority for this Court to allow costs to a party who is not a prevailing party, as determined by the trial court pursuant to I.R.C.P. 54(d)(1)(B). A contractual provision obligating a party to pay costs of suit may provide the basis for an action to enforce the contract, but it does not authorize a trial court to award costs pursuant to I.C. § 12–101 and I.R.C.P. 54(d)(1)(A) where there is no prevailing party. In this case, FCB and the Ketterlings sought an award by the trial court pursu-

ant to the statute and the rule, not an enforcement of the clause of the lease.

Attorney fees are only a special species of costs and, pursuant to the statutes and rules of civil procedure, may be awarded to a prevailing party. The only significance of a contractual provision for the award of attorney fees is to allow a court to award attorney fees pursuant to the rules of civil procedure even though there is no statute authorizing the award.

In 1911, this Court said: "It is the general rule that attorney's fees cannot be recovered in an action unless authorized by statute or by express agreement of the parties." *Jenkins v. Commercial Nat. Bank,* 19 Idaho 290, 297, 113 P. 463, 465 (1911).

The Court has made similar statements in many other cases. *E.g., Hellar v. Cenarrusa,* 106 Idaho 571, 578, 682 P.2d 524, 531 (1984) ("We continue to adhere to the so-called 'American rule' to the effect that attorney fees are to be awarded only where they are authorized by statute or contract."); *Kidwell & Heiser v. Fenley,* 96 Idaho 534, 531 P.2d 1179 (1975); *Mecham v. Nelson,* 92 Idaho 783, 789, 451 P.2d 529, 535 (1969).

In *Kidwell & Heiser v. Fenley,* 96 Idaho 534, 531 P.2d 1179 (1975), the Court stated the rule more fully:

> [T]his Court has adhered to the rule that a *successful litigant* is not entitled to recover attorney fees for the cost of bringing an action unless such recovery is provided by statute or contract between the parties.

*Id.* (emphasis added).

This statement is consistent with the statutes and rules of civil procedure of this state:

> **12–121. Attorney's fees.**—In any civil action, the judge may award reasonable attorney's fees *to the prevailing party or parties,* provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees....

I.C. § 12–121 (emphasis added).

> **Rule 54(e)(1). Attorney fees.**—In any civil action the court may award reason-

able attorney fees *to the prevailing party or parties* as defined in Rule 54(d)(1)(B), when provided for by any statute or contract:....

I.R.C.P. 54(e)(1) (emphasis added).

In light of these authorities, I am unable to agree that attorney fees and other costs may be awarded to a non-prevailing party who makes a claim for them pursuant to the statutes and rules of civil procedure. If FCB and the Ketterlings had sought damages for breach of the clause in the lease, that would have been a different matter. Instead, they sought an award by the trial court under the statutes and rules of procedure that restrict awards to prevailing parties.

More fundamentally, this issue is not raised on appeal by FCB and the Ketterlings. In my view, the Court should not address it.