BURDICK, C.J., concurring in part and dissenting in part. I respectfully dissent from Part IV(C) of the majority’s opinion. I cannot agree with the majority that Washington Federal is entitled to attorney fees for the relevant proceedings below even though Washington Federal was the non-prevailing party. Washington Federal seeks attorney fees incurred from the date of the entry of the stipulated judgment and decree of foreclosure “on August 18, 2014, through the successful completion of Washington Federal’s Motion To Lift Automatic Stay ... but excluding any costs and attorneys’ fees incurred with regard to the ... fair market value of the real estate ....” The plain terms of the stipulated judgment foreclose Washington Federal’s claim for attorney fees. In pertinent part, the stipulated judgment states as follows: IT IS HEREBY ORDERED, ADJUDGED AND DECREED: 1, That [Washington Federal] have and recover judgment against [Hulsey] for the principal sum of $1,213,751.44, plus accrued interest to August 18, 2014, in the amount of $201,820.50, plus the expenses of foreclosure of $6,761.73, attorneys’ fees and costs of $66,183.95, for a total judgment of $1,487,517.62 as of August 18, 2014, together with interest hereafter at the statutory rate of interest as provided by law until this judgment is paid in full; and [[Image here]] 9. That the Court specifically retains jurisdiction to determine the sole remaining issue after sheriff sale of the fair market value of the foregoing property as of the date of the foreclosure sale for the purpose of determining whether [Washington Federal] is entitled to entry of a deficiency judgment against [Hulsey]. The current trial date for this action commencing on December 10, 2014, shall be the date for the tidal of such fair market value issue, unless rescheduled by the Court or stipulation of the parties. (emphasis added). Thus, the stipulated judgment parceled out the exact damages to which Washington Federal was entitled, including $66,183.95 in attorney fees and costs for matters predating August 18, 2014.[1] More importantly, and dis-positive here, the stipulated judgment further reserved to Washington Federal the right to litigate the fair market value in a deficiency judgment proceeding—the “sole remaining issue.” This key language refutes Washington Federal’s claim for attorney fees. Washington Federal did not, for example, reserve the right to seek both a deficiency judgment and attorney fees in excess of the $66,183.95 it already recovered as the “sole two remaining issues.” To the contrary, the stipulated judgment clearly shows that Washington Federal’s claim for attorney fees was not preserved as the “sole remaining issue.” As Hulsey argued below to the district court, “The attorney fees were not a preserved claim under the stipulated Judgment and Decree of Foreclosure.” Washington Federal, therefore, waived the right to seek attorney fees beyond the $66,183.95 it already recovered under the stipulated judgment. See, e.g., Crouch v. Bischoff, 78 Idaho 364, 368, 304 P.2d 646, 649 (1956) (“A waiver is the intentional relinquishment of a known right. It is a voluntary act and implies election by a party to dispense with something of value or to forego some right or advantage which he might at his option have demanded and insisted upon.”). Similarly, Washington Federal is estopped from asserting its claim for attorney fees because that claim is inconsistent with the stipulated judgment. See, e.g., Smith v. U.S.R.V. Props., LC, 141 Idaho 795, 800, 118 P.3d 127, 132 (2005) (“Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position.” (quoting McKay v. Owens, 130 Idaho 148, 152, 937 P.2d 1222, 1226 (1997))); 30A C.J.S. Estoppel and Waiver § 186 (August 2017) (“Under the rule, principle, or doctrine of judicial estoppel, during the course of litigation a party is not permitted to occupy or assume inconsistent or contradictory positions, and the parties to the litigation are necessarily bound to the positions that they assume therein.”). The majority is remiss to overlook how these governing principles apply to the clear language of the stipulated judgment, as this Court has long expressed a preference for holding parties to their amicable resolutions of litigation. E.g., Quick v. Crane, 111 Idaho 759, 780, 727 P.2d 1187, 1208 (1986) (“This Court has always held to the strong public policy favoring amicable settlement of litigation,”); accord Hammer v. City of Sun Valley, No. 43079, — Idaho —, —, — P.3d —, —, 2016 WL 7384133, at *4 (Idaho Dec. 21, 2016) (quoting Lomas & Nettleton Co. v. Tiger Enters., Inc., 99 Idaho 539, 542, 585 P.2d 949, 952 (1978)). Notwithstanding that the plain terns of the stipulated judgment are dispositive, the key contract provisions the majority asserts entitles Washington Federal to attorney fees provide as follows: • Deed- of Trust. “If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys’ fees at trial and upon any appeal.” • Promissory Note. “Lender may hire or pay someone' else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender’s attorneys’ fees and Lender’s legal expenses, whether or not there is a lawsuit, including attorneys’ fees, expenses for bankruptcy proceedings ..., and appeals. If not prohibited by applicable law, Borrower will also pay any court costs, in addition to all other sums provided by law.” Like the majority, I observe that these contract provisions purport to entitle Washington Federal, the lender, to attorney fees absent any requirement that Washington Federal be the prevailing party. Indeed, these provisions appear to sweep broadly by permitting Washington Federal to recover attorney fees even if, for example, it were to file a frivolous claim in bad faith. Accordingly, I question whether interpreting these provisions as broadly as Washington Federal argues would render them void as against public policy. I recognize freedom of contract is vitally important, but it must yield at times to the greater good. Cf. Strong v. W. Union Tel. Co., 18 Idaho 389, 401, 109 P. 910, 914 (1910) (“Public policy is that principle of law under which freedom of contract or private dealing is restricted by law for the good of the community-the public good.”). Undoubtedly, contract provisions making a prevailing party liable for the non-prevailing party’s attorney fees epitomizes inequitable bargaining while chilling both contract negotiation and litigation. As such, these provisions are notoriously suspect. See, e.g., Hackett v. Streeter, 109 Idaho 261, 265, 706 P.2d 1372, 1376 (Ct. App. 1985) (noting that “argument which, if followed, would permit a non-prevailing party to have all of its fees and costs paid by a prevailing party” would not serve the “interest of justice”); Jadwin v. Kasal, 318 N.W.2d 844, 848 (Minn. 1982) (“Requiring the mortgagor to underwrite all of the bank’s legal actions taken with respect to the mortgagor’s property would encourage ill-considered litigation and farfetched claims by the bank and discourage the mortgagor from challenging the liens claimed by subcontractors and materialmen.”). Construing the contract provisions in light of these potentially fatal concerns, I question whether their plain terms actually entitle Washington Federal to attorney fees in this case. It is axiomatic that a contract purporting to authorize what the law precludes is void as an illegal contract. E.g., AED, Inc. v. KDC Invs., LLC, 155 Idaho 159, 167, 307 P.3d 176, 184 (2013). And I do not find Washington Federal’s construction of the above contract provisions to be authorized by the applicable law, to wit: the Idaho Rules of Civil Procedure. Rule 64(e)(1) grants discretion to award attorney fees to the “prevailing party or parties ... when provided for by any statute or contract.” (emphasis added). Similarly, under Rule 64(e)(5), attorney fees, “when allowable by statute or contract, are costs in an action and processed in the same manner as other costs ....” (emphasis added). Costs, in turn, are exclusively for the prevailing party. I.R.C.P. 54(d)(1)(A). Merely that Washington Federal claims attorney fees under the contract provisions does not eviscerate the clear requirements of the Idaho Rules of Civil Procedure, namely that it must be the prevailing party. See Zenner v. Holcomb, 147 Idaho 444, 449, 210 P.3d 552, 557 (2009) (“Furthermore, I.R.C.P. 54(e)(1) governs the trial court’s award of attorney fees in a civil action when fees are provided by statute or contract. Rule 54(e)(1) states that the trial court may award reasonable attorney fees to the prevailing party or parties as defined by Rule 54(d)(1)(B).”); Farm Credit Bank of Spokane v. Wissel, 122 Idaho 565, 570-72, 836 P.2d 511, 515-18 (1992) (Johnson, J., concurring in part and dissenting in part). At any rate, the majority cites to two decisions of this Court to conclude Washington Federal is entitled to attorney fees. In Farm Credit, this Court reversed and remanded a denial of attorney fees to Farm Credit Bank (FCB). 122 Idaho at 568-69, 836 P.2d at 514-15. The district court concluded FCB was not entitled to attorney fees because it was not the prevailing party in an action seeking possession of a leasehold. Id. at 567, 836 P.2d at 513. The district court explained that “[i]t is therefore my conclusion that each of the parties hereto prevailed in part and did not prevail in part.” Id. FCB thereafter appealed, contending it was entitled to attorney fees under a contract between the parties, which provided that “[i]n the event that the Lessor does find it necessary to bring suit or action under the terms of this lease, then the Lessee hereby agrees to pay the Lessor’s reasonable attorney fees and costs of suit incurred in said suit or action.” Id. at 568, 836 P.2d at 514. In light of that contract provision, this Court remanded and emphasized the following: Under the lease provision, the only requirement for the award of attorney fees and costs is that the “lessor does find it necessary to bring suit or action under the terms of this lease,” in which event, “the lessee hereby agrees to pay the lessor’s reasonable attorney fees and costs of suit incurred in such suit or action.” Whether the lessor found it necessary to bring suit or action is a subjective decision and standard on the part of the lessor, which must not be “prompted by caprice or bad faith.” Id. Two years after Farm Credit, this Court decided Post v. Murphy, 125 Idaho 473, 476, 873 P.2d 118, 121 (1994). In Post, this Court affirmed an award of attorney fees to a set of defendants even though they did not prevail in the underlying litigation. Id. The contract entitling the defendants to fees stated “[i]n the event that the Grantors shall employ legal counsel in connection with or to enforce these covenants and restrictions, then the persons with respect to which such employment occurs shall pay all costs incurred, including reasonable attorneys’ fees.” Id. As this Court explained, “Farm Credit controls the costs and fees recovery of appellants in this case. The only requirement in [the contract] is that a [defendant] employ legal counsel in connection with the [contract].” Id. at 476-77, 873 P.2d at 121-22. This Court then affirmed the attorney fee award entered under the contract below, stating it was “beyond question” that defendants employed legal counsel “in connection with” the contract by hiring legal counsel to defend, albeit unsuccessfully, from plaintiffs’ suit arising under the contract. Id. Farm Credit and Post do not control. To the extent the majority reads these two eases to authorize an award of attorney fees to non-prevailing parties absent considerations of policy, equity, and the Idaho Rules of Civil Procedure, I believe these eases should be overruled as manifestly wrong. While the majority notes that no argument was made for these cases to be overruled, it is the responsibility of this Court to evaluate precedent. As we have explained previously: This Court in the proper performance of its judicial function is required to examine its prior precedents. When precedent is examined in the light of modern reality and it is evident that the reason for the precedent no longer exists, the abandonment of the precedent is not a destruction of stare decisis but rather a fulfillment of its proper function. Stare decisis is not a confining phenomenon but rather a principle of law. And when the application of this principle will not result in justice, it is evident that the doctrine is not properly applicable. State v. Humpherys, 134 Idaho 657, 660-61, 8 P.3d 652, 655-56 (2000) (quoting Smith v. State, 93 Idaho 795, 801, 473 P.2d 937, 943 (1970), superseded by statute on other grounds as stated in Gavica v. Hanson, 101 Idaho 58, 65, 608 P.2d 861, 868 (1980)). Further, the majority overlooks that we “may affirm decisions of a district court based on different theories then applied by the district court.” State v. Mann, 162 Idaho 36, 42, 394 P.3d 79, 85 (2017). Put another way, “Where the lower court reaches the correct result, albeit by reliance on an erroneous theory, this Court will affirm the order on the correct theory.” Ridgley v. State, 148 Idaho 671, 676, 227 P.3d 925, 930 (2010) (emphasis added). But even if these cases are not overruled, I find them distinguishable and therefore unpersuasive. Unlike Farm Credit, the contract provisions have no qualifier ensuring Washington Federal instituted only necessary litigation. The contract provisions’ attorney fee provisions thus raise concerns not presented in Farm Credit. And in Post, this Court gave deference to the district court’s factual findings and concluded the literal requirements of the contract provision were met. But here, the district court made no findings to which this Court gives deference. As such, Farm Credit and Post do not support Washington Federal’s argument. For the reasons above, I cannot join Part IV(C) of the majority’s opinion. . The district court observed that "[i]t is not clear from the stipulation what the legal basis for the award of expenses of foreclosure or attorneys’ fees and costs included in the judgment was.” However; since "the amount was agreed to[,]" the district court declined to disturb it,